274 So.2d 588 (1973)
COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,
v.
Austin Kane MILLER and Y & S Construction Company, Appellees.
No. Q-339.
District Court of Appeal of Florida, First District.
March 8, 1973.
Rehearing Denied April 6, 1973.
Robert P. Beatty, of Pattillo, MacKay & McKeever, Ocala, for appellant.
Dan H. Honeywell, of Billings, Frederick Wooten and Honeywell, Orlando, and Edwin C. Cluster, of Ayres, Swigert, Cluster, Tucker & Curry, Ocala, for appellees.
RAWLS, Acting Chief Judge.
Appellant, Commercial Standard Insurance Co., appeals from an order denying its motion to intervene and granting appellees' motion to quash notice of workmen's compensation benefits. The insurance company seeks to recover a "pro rata" share of workmen's compensation benefits paid to appellee Miller.
Miller, an employee of C & H Transportation Company, a Texas corporation, was injured on September 13, 1969, on the premises of Y & S Construction Company at Ocala, Florida, while he was delivering a load of pipe. The injury was caused by the alleged negligence of a forklift operator employed by Y & S, the Ocala firm.
Miller instituted suit in the circuit court of the Fifth Judicial Circuit of Florida against Y & S to recover damages for the injuries he sustained. Commercial Standard filed in the Circuit Court an instrument *589 entitled "Notice of Payment of Workmen's Compensation Benefits", wherein it stated that it had paid to Miller "... compensation and medical benefits, under the provisions of Chapter 440, Florida Statutes, for injury by accident arising out of and in the course of his employment by employer, ..." and claimed a lien upon any recovery had by Miller from Y & S. Subsequently, Miller and Y & S stipulated to a dismissal of their lawsuit with prejudice.
Two days after dismissal of the aforementioned lawsuit, Miller moved to quash the insurance company's notice of payment of workmen's compensation benefits on the grounds that the compensation payments were made pursuant to Texas law and, thus, the Florida workmen's compensation law was not applicable. The insurance company immediately countered with a motion to intervene in the then dismissed lawsuit between Miller and Y & S for the purpose of protecting its right of subrogation pursuant to the law of Texas. The trial court granted Miller's motion to quash and denied the insurance company's motion to intervene; hence this appeal.
The insurance company argues that it had a right to intervene in the lawsuit between Miller and Y & S, and that its notice of payment of compensation, a copy of which was served upon Miller, put all parties on notice as to its interest in the litigation; thus, it was error to permit a dismissal of the cause without giving it notice. This contention is without merit. Subrogation on the part of an insurance carrier in a Florida workmen's compensation case is solely that provided by statute. Under the facts of this case, the injured employee in his own behalf instituted suit against the alleged tortfeasor within one year after the incident and, therefore, the insurance company possessed no right of intervention even if it had paid compensation benefits pursuant to the Florida law.[1] The insurance company by its "Notice of Payment of Workmen's Compensation Benefits" preserved only unto itself the statutory right of participating in a post judgment proceeding for the purpose of asserting its claim to a "pro rata" share of the proceeds of any recovery had by Miller, the injured employee, pursuant to the Florida law. It did not serve as a motion to intervene. Here, the insurance company first sought to intervene in a cause of action that had been dismissed;[2] there being no pending case, intervention was not available.[3] Any right appellant had to subrogation was not timely asserted.
The judgment appealed is affirmed.
WIGGINTON, J., and POWELL, GILLIS E., Associate Judge, concur.
NOTES
[1] F.S. 440.39(3)(a), F.S.A.
[2] We pretermit any discussion of the right of a foreign insurance company to timely intervene where it is asserting a right of subrogation pursuant to the workmen's compensation law of the State under which the injured employee is being paid.
[3] Dickinson v. Segal, 219 So.2d 435 (Fla. 1969).