604 So.2d 18 (1992)
Clifford SAUNDERS, Appellant,
v.
Daniel T. ALOIS, Appellee.
No. 91-0741.
District Court of Appeal of Florida, Fourth District.
August 12, 1992.
*19 Michael S. Bendell of Michael Bendell, P.A., Boca Raton, for appellant.
Carlos A. Rodriguez, Fort Lauderdale, for appellee.
WARNER, Judge.
This is an appeal from a final judgment in favor of defendant in a motor vehicle negligence case. Because the trial court erred in granting a motion in limine precluding recovery by the appellant for past medical bills, we reverse.
Appellant sued appellee for damages arising from a motor vehicle accident. Liability was admitted, and the only issues were the permanency of appellant's injury and the amount of damages. Because appellant was injured in the course of his employment, Hartford Insurance Company as the worker's compensation carrier for the employer paid appellant's medical expenses and lost wages. At trial, appellee filed a motion in limine to preclude appellant from presenting any evidence of past medical expense because appellee's insurance carrier had settled with Hartford (paying them about $2,000 in satisfaction of the $8,600 in payments made to appellant). Attached to the motion was a release from Hartford releasing, appellant, appellee, and appellee's insurance carrier. The trial court granted the motion and precluded the appellant from introducing the medical bills for any purpose other than to show treatment of appellant. The trial court further instructed the jury not to include any amounts for past medicals in their verdict.
The trial court's ruling was erroneous because the motion in limine was in *20 essence a substitute for a motion for partial summary judgment on a portion of the damage claim of appellant. We have held in the past that this is an improper use of a motion in limine. Rice v. Kelly, 483 So.2d 559 (Fla. 4th DCA 1986); Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla. 4th DCA 1982). As stated in that case, "the purpose of a motion in limine is to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial." Dailey at 1107. Just as in the foregoing cases, the trial court in the instant case was asked to rule that appellant could not collect for certain damages, namely past medical bills which had been paid by the worker's compensation carrier. The appellant's attorney strenuously objected because he realized that the major portion of his damages were being excluded. We agree with appellant that this was improper without the requisite notice provided for summary judgments. Fla.R.Civ.P. 1.500. Eliminating the majority of appellant's itemized damages is hardly harmless error.
Had the appellant had an opportunity to prepare for a properly filed summary judgment motion on past damages, he could have supported his argument that "there is no legal entitlement to preclude medical bill recovery, simply because the liability carrier pays for a release from the worker's compensation carrier." Florida Worker's Compensation Statute section 440.39(5) (1989), providing that settlement between the insurance carrier and a third party tort-feasor requires the agreement of the employer, does not contemplate or allow the carrier and the third party tort-feasor to settle away the employee's claim without his consent. What it does contemplate is that after recovery of a judgment the carrier is entitled to its pro rata share. The rights of a compensation carrier to recover in subrogation for benefits paid is only what is provided by statute. Commercial Standard Ins. Co. v. Miller, 274 So.2d 588 (Fla. 1st DCA 1973). Therefore, unless the appellee's settlement with the worker's compensation carrier complied with the statute, it may not have been effective to extinguish any right of recovery. That of course was the risk appellee took in settling without the consent of the appellant. However, we do not decide the issue because the record is insufficient on this point. It nevertheless points up the error in disposing of the claim by way of a motion in limine.
We therefore reverse and remand for a new trial on damages. This does not include a new trial on the issue of permanency, as the appellant has not demonstrated that the issues are so inextricably intertwined so as to require a new trial on both.
GLICKSTEIN, C.J., and LETTS, J., concur.