Fredia May McAMIS, Plaintiff,

v.

Charles O. WALLACE and General
Motors Corporation,
Defendants.

No. CIV. A. 97–0108–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Oct. 6, 1997.

**182**

Carl E. McAfee, Norton, VA, for Plaintiff.

Howard C. McElroy, Abingdon, VA, Rodney E. Loomer, Wallace S. Squibb, Sherry A. Rozell, Springfield, MO, for Defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Fredia May McAmis ("Plaintiff") seeks compensatory damages from Charles Wallace and General Motors Corporation for their alleged role in a September 18, 1996 automobile accident in which Plaintiff was injured. A trial date has been set for March 16, 1998, and Charles Wallace ("Defendant") seeks a motion in limine from this court. Defendant asserts that Plaintiff should be prohibited from introducing medical expenses exceeding amounts actually paid or payable by Medicaid.

### I: Facts

This personal injury action results from a 1996 automobile collision between Plaintiff and Defendant. Plaintiff's Complaint alleges that Defendant drove negligently causing the collision and that Plaintiff's 1993 Chevrolet Cavalier was not crash worthy and contained faulty seats and seat belts. As a result of the accident, Plaintiff claims to have suffered a fractured skull and brain injury rendering her permanently disabled. Plaintiff asserts that Defendant and General Motors are jointly and severally liable for her injuries. This motion in limine seeks to limit the quantum of Plaintiff's medical bills attributable to this accident.

The issue in this case arises because a substantial portion of Plaintiff's medical expense was paid by Medicaid, a government-run health care insurance program for qualified individuals unable to afford medical care. *See* 42 U.S.C.A. § 1396 (1992). Virginia's Medicaid program operates pursuant to the Social Security Act. 42 U.S.C.A. §§ 1396–1396v (1992 & West Supp.1997); *see Va.Code Ann.* § 32.1–325 (1997). Virginia's program is funded by both the state and federal governments and operates by entering contracts with individual health care providers for medical services. As a part of these contracts, the health care providers agree to accept a fixed fee for their services discounted from their customary charge. *See Rehabilitation Assoc. of Virginia, Inc. v. Kozlowski,* 42 F.3d 1444, 1448 (4th Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995). These providers trade some portion of their usual fee for the certainty that they will receive payment for treating Medicaid recipients. This results in a cost write-off on charges billed to Medicaid as health care providers do not charge this amount to either Medicaid or the Medicaid beneficiary. *See* 42 C.F.R. § 447.15 (1996); *Va.Code Ann.* § 32.1–317 (1997).

In this case, Defendant seeks to limit Plaintiff's potential recovery to the actual fees paid or payable by Medicaid rather than the total cost of the services received by Plaintiff. A portion of Plaintiff's medical bills was written-off and no one became liable for these charges. Defendant argues that because neither Medicaid nor Plaintiff paid these fees, they cannot be included in the medical bills that Plaintiff will request as compensatory damages. In response, Plaintiff contends that Virginia's collateral source

rule permits recovery of the write-off. Thus, the question before this court is whether an injured plaintiff may include in a claim for compensatory damages the amounts written-off by a health care provider pursuant to that provider's contract to serve Medicaid beneficiaries.

## II. *Discussion*

The instant case is before this court pursuant to the diversity jurisdiction granted by 28 U.S.C.A. § 1332. The doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires that federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, ——, 116 S.Ct. 2211, 2214, 135 L.Ed.2d 659 (1996). Because this accident occurred in Virginia, both parties agree that Virginia substantive law applies to the claim. *See State of Maryland for the Use of Ida May Joynes v. Coard,* 175 Va. 571, 9 S.E.2d 454, 458 (1940). The Virginia Supreme Court has not had occasion to decide this question, and as a result, this court must interpret Virginia law.

### (a) *Background*

While the precise issue in this case has arisen recently in a number of Virginia state courts, no judicial consensus has emerged. The plaintiff's argument carried the day in cases including *Smith v. Jernigan,* No. L–96–1998 (Cir. Ct. of the City of Norfolk 1997) and *George Ed Barker v. Richard Steven Bradford and Bare Brothers, Inc.,* No. 94–149 (Washington Co. Cir. Ct.1997) while the defendant prevailed in *Woods v. W–L Construction & Paving,* No. 173CL95004689–00 (Smyth Co. Cir. Ct.1995), *King v. Sowers et al.,* No. 93–1005 (Roanoke Cir. Ct.1995), and *Martin v. Daugherty,* No. 95–244 (Wise Co. Cir. Ct.1997), among others.

The parties to the instant case also proffered cases to this court that have considered whether write-offs may be recovered in the managed care context where health insurers, rather than Medicaid, negotiate fixed rates below a physician's usual fees. *See Thornton v. State Farm,* No. GV95084881 (City of Richmond Gen. Dist. Ct.1996) (holding that plaintiff could recover medical fees not actually paid by the insurance company pursuant to an insurance contract); *Crawford v. State Farm Mut. Auto. Ins. Co.,* No. GV96001893 (Charlottesville Gen. Dist. Ct.1996) (same); *Babb v. Wal–Mart Stores, Inc.,* No. 2:95cv630 (E.D.Va. March 7, 1996) (permitting plaintiff to recover only the discounted medical fees paid by her health insurers). Analogous issues have been decided in bankruptcy cases where personal injury plaintiffs sought to recover medical expenses subsequently discharged in bankruptcy. *See Walker v. Long,* No. LU–3591 (City of Richmond Cir. Ct. Oct.20, 1993) (holding that plaintiff could not recover medical bills that were discharged in bankruptcy); *Morganthal v. Piper,* CL 94–2496 (Va. Beach Cir. Ct. Feb. 7, 1996) (same). While none of these cases present binding authority for this court, they have surveyed the landscape of Virginia law on the application of the collateral source rule to compensatory damages. Following a thorough review of these decisions, this court concludes that under Virginia law, Plaintiff cannot recover as compensatory damages any medical expenses which were not incurred either personally or by Medicaid.

Plaintiff makes two substantive arguments applying Virginia's collateral source rule to permit recovery of the Medicaid write-off. Plaintiff asserts that this amount should be included in her compensatory damages either because she would have been liable for these amounts if Medicaid had not paid her expenses or because 42 C.F.R. § 447.15 may require her to pay some portion of the write-off. As discussed below, Plaintiff has not sufficiently incurred these amounts to trigger the collateral source rule and include these fees in compensatory damages. Plaintiff also argues that she is entitled to recover the discount because she has contributed to Medicaid through her FICA taxes. This "benefit of the bargain" argument has been used by plaintiffs in other cases to recover compensatory damages including amounts paid as government benefits. Plaintiff seeks to extend this reasoning to Medicaid write-offs. Plaintiff's contribution however, is not enough to overcome the fact that the Medicaid discount is not a bargain, but rather, is a byproduct of

an emergency welfare program intended to aid the indigent. As a result, Plaintiff's benefit does not include recovery of the Medicaid write-off. Plaintiff also asserts that Defendant is improperly utilizing the motion in limine to dispose of this matter. As is evidenced from the cases offered by both parties on this issue, this limitation of damages is appropriately decided by motion in limine. This court will address these issues in turn.

### (b) *Plaintiff's Liability for Written-off Amounts.*

 Plaintiff's arguments rely on Virginia's collateral source rule, which Defendant asserts, does not apply to the situation at hand. Defendant correctly argues that Plaintiff did not incur the Medicaid discount as an expense and that Virginia law does not include in compensatory damages amounts for which no one is liable. "Under [the collateral source rule], compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." *Schickling v. Aspinall*, 235 Va. 472, 369 S.E.2d 172, 174 (1988). "The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong." *Id.* 369 S.E.2d at 174. The collateral source rule is most often applied today to prevent tortfeasors from avoiding their duty to compensate a tort victim merely because that victim has already been reimbursed by an insurance policy. The rule rewards tort victims who have the foresight to insure themselves against possible future expenses.

 Virginia case law is clear that compensatory damages are intended to make a plaintiff whole by providing remuneration for incurred injuries. *Id.* at 174. "Compensatory damages are those allowed as a recompense for loss or injury actually sustained." *Dillingham v. Hall*, 235 Va. 1, 365 S.E.2d 738, 739 (1988). "An expense can only be incurred, however, when one has paid it or become legally obligated to pay it." *Virginia*

*Farm Bureau Mut. Ins. Co. v. Hodges*, 238 Va. 692, 385 S.E.2d 612, 614 (1989). For the collateral source rule to be in effect under Virginia law, the injured party must be responsible for making payment, even if a collateral source actually pays. The present case is not a situation where Plaintiff avoided personally paying a bill because a collateral source stepped in. Here, no one paid the written-off amount and as a result, under Virginia law, Plaintiff has not incurred this fee. *See Sykes v. Brown*, 156 Va. 881, 159 S.E. 202, 204 (1931); *Comley v. Shepard*, No. CL95–487 (Spotsylvania County Cir. Ct. Feb. 10, 1997). While it is true that Plaintiff would have been liable for these fees if she had not qualified for Medicaid, this distant liability is not enough to trigger the collateral source rule because Plaintiff has neither paid these write-offs nor become legally obligated to pay them. Plaintiff fails to meet the requirements of *Virginia Farm Bureau Mut. Ins. Co.*, 385 S.E.2d at 614. Since no one incurred the fees at issue, the collateral source rule does not require that Plaintiff be permitted to recover the write-off.

 While Plaintiff does not claim to be directly liable for the Medicaid discount as such, she does argue that she may be personally liable for this amount in the form of a deductible, coinsurance or copayment. The regulations implementing 42 U.S.C.A. § 1396 require that a state plan accept as providers only those who agree to accept as payment in full the amounts paid by the agency "plus any deductible, coinsurance, or copayment required by the plan to be paid by the individual." 42 C.F.R. § 447.15 (1996); *see* 12 Va. Admin. Code § 30–10–580 (1997). If providers attempt to recover any additional charges, they can be charged with a Class 6 felony under *Va. Code Ann.* § 32.1–317 (1997). As a result of this statutory scheme, it appears that Medicaid beneficiaries can only be personally liable for charges actually paid by Medicaid or due under Medicaid as deductibles, coinsurance or copayments. To the extent that Plaintiff can establish that she is personally liable for written-off amounts, she will be permitted by the collat-

eral source rule to recover them.[1] Plaintiff will not be permitted to recover any write-off however, unless she can establish personal liability, at some time, for that amount. "A plaintiff must prove 'with reasonable certainly the amount of damages and the cause from which they resulted.'" *Musick v. United States*, 781 F.Supp. 445, 451 (W.D.Va.1991) (citing *Medcom, Inc. v. C. Arthur Weaver Co.*, 232 Va. 80, 348 S.E.2d 243, 248 (1986)). If Plaintiff could recover these fees without a showing of personal liability, she would reap a windfall recovery at the expense of the taxpayers who made her Medicaid benefits possible. The collateral source rule does not apply because Plaintiff did not incur the Medicaid discount.

Since Plaintiff did not incur the written-off amounts, they cannot be included in any compensatory damage award she may receive. In order to make Plaintiff whole, to reimburse her for costs expended as a result of this accident, Plaintiff need only receive the actual costs of medical care borne by Medicaid. These are the amounts that Plaintiff has incurred for the purposes of the collateral source rule. While Plaintiff was not able to pay her medical bills herself, under the collateral source rule, she may deserve to be compensated for what Medicaid paid as if these benefits were insurance. *See Rayfield v. Lawrence*, 253 F.2d 209, 213 (4th Cir.1958) (permitting a serviceman to recover the costs of free medical care provided him by the government pursuant to Virginia's collateral source rule); *Manko v. United States*, 830 F.2d 831, 836 (8th Cir.1987) (permitting a plaintiff to recover benefit amounts paid by federal programs as a collateral source). This interpretation strikes the balance described in *Schickling*. Defendant is not permitted to avoid compensating his victim merely because she was able to qualify for Medicaid benefits. At the same time, Plaintiff only receives compensation sufficient to make her whole.

### (c) *Plaintiff's Benefit of the Bargain*

Plaintiff also asserts that she is entitled to recover the write-off as a benefit of paying FICA taxes into the Medicaid system. Plaintiff however, ignores the fact that Medicaid benefits are dispersed as a social welfare program, not pursuant to a contract with a beneficiary. This distinction undercuts Plaintiff's supposed bargain and prevents her from recovering the Medicaid discount. Plaintiff relies on cases such as *Manko, Rayfield*, and *Kornegay v. United States*, 929 F.Supp. 219 (E.D.Va.1996), to argue that she deserves to recover Medicaid write-offs because she contributed to the Medicaid system that in-turn contracted for the discounted rates. Plaintiff seeks to prove that the Medicaid discount is a collateral source that she has in some sense contracted for by paying her FICA taxes. This argument analogizes Medicaid payments and benefits to private insurance plans where the insurance beneficiary contracts and pays premiums in advance of receiving recompense for expenses. In the insurance context, the collateral source rule permits the insured party to recover medical fees even if that party has already been reimbursed for the fees through a private insurance arrangement. *See Schickling*, 369 S.E.2d at 174. The insured thus, receives a double recovery because of her foresight in entering into an insurance contract and paying premiums in advance of having need for insurance coverage. This reasoning is inapposite to the Medicaid scheme.

The Medicaid discount is not analogous to the benefits awarded in the cases cited by Plaintiff. In *Manko*, the Eighth Circuit permitted a plaintiff to recover Medicare and social security benefits as a collateral source

---

1. While Medicaid regulations permit a health care provider to recover deductions, copayment, or coinsurance, there is no evidence before this court that Plaintiff faces such costs. This court notes that the federal regulations cap these charges and require any such amounts to be nominal. 42 C.F.R. § 447.53 (1996). Plaintiff argues that she may have paid these written-off expenses "up front" in the form of copayments or paying down her assets. Even if Plaintiff had evidence of such payments, these costs would be independent of the write-off amounts at issue in this motion. It is not for this court to decide today whether up front costs relating to Medicaid are recoverable as compensatory damages. Such costs are not implicated in our consideration of Defendant's motion to exclude Medicaid's write-off from Plaintiffs potential compensatory damages.

because he had contributed to Medicare. *Id.* at 836–37. In *Rayfield,* the Fourth Circuit permitted a sailor to recover the value of free government medical care, in part, because the care was compensation for the sailor's naval service. *Id.* at 213–14. Similarly, the district court in *Kornegay* considered whether a plaintiff had contributed to her own benefits in denying recovery of certain benefits paid under the Civilian Health and Medical Program of the Uniformed Services. *Id.* at 220. The logic of these cases does not apply to the Medicaid write-off. In these cases, the benefits themselves, rather than uncharged, written-off amounts were at issue. The government, in all of these cases, absorbed the cost of the benefits given to the plaintiff so that the benefits were, at the very least, incurred by the government program on the plaintiff's behalf. By incurring these costs, the government triggered the collateral source rule. In the instant case, neither Plaintiff nor Medicaid incurred the cost of Plaintiff's medical care. The health care providers serving Plaintiff wrote-off these fees and as a result, the discount on Plaintiff's medical care cannot be recovered under the collateral source rule.

These cases also fail to dictate our result because Plaintiff simply did not bargain for Medicaid the way a party purchasing health insurance or working for the government bargains for benefits. A future tort victim who purchases health insurance, bargains and contracts for lower health care fees as an element of her insurance contract. Similarly, a member of the military, in some sense, contracts for benefits in return for her service. Someone who merely pays her FICA taxes does not in any sense bargain for the lower fees paid by Medicaid, a social benefit program. This "benefit of the bargain" argument may permit a plaintiff to recover the actual benefits paid by the government in *Manko* or gratuitously provided in *Rayfield.* It cannot however, be extended so far as to allow Plaintiff to recover discounts that she did not bargain for and that did not result in even potential, personal liability. Medicaid is an emergency measure for those unable to provide for their own health care. *See* 42 U.S.C.A. §§ 1396, 1396a(a)(1) (1992 & West Supp.1997); 42 C.F.R. § 430.0 (1996). The benefit of Plaintiff's bargain with Medicaid is the payment of her medical bills by the nation's taxpayers. Any additional recovery would be pure windfall and would ignore the nature of the Medicaid system.

#### (d) *Defendant's Use of the Motion in Limine*

█ Plaintiff asserts that this matter cannot be decided as a motion in limine because it carries the effect of a motion for partial summary judgment. Contrary to this assertion, Plaintiff cites a number of cases disposing of this exact issue via motion in limine. More importantly, the one case offered by Plaintiff to support her proposition, *Saunders v. Alois,* 604 So.2d 18 (Fla.Dist.Ct. App.1992), focuses on the lack of notice accompanying the motion in limine granted by the trial court in that case. *Id.* at 19. Unlike *Saunders,* the issue in the instant case has been fully briefed by both sides and is appropriate for determination as a motion in limine. There is no concern that Plaintiff has not been given adequate notice of this motion. This motion merely limits Plaintiff's presentation of a portion of her damages that cannot, under Virginia law, be included in any compensatory award.

### III. *Conclusion*

Plaintiff cannot recover the amount of her medical bills written-off by Medicaid. The collateral source rule does not require that Plaintiff receive compensation for fees that were not incurred by Plaintiff or Medicaid. Neither are such fees a benefit of Plaintiff's qualifying for Medicaid. This issue is appropriately decided as a motion in limine and as a result, Defendant's motion in limine is granted.