**Albert MITCHELL, Plaintiff,**

v.

**Robert HAYES, D.O., Defendant.**

**No. 1:98CV00180.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 1, 1999.

---

Michael A. Kernbach, Koonz, McKenney, Johnson, DePaolis & Lightfoot, Falls Church, VA, Karel Brown Ryan, Ryan Law Firm, P.C., Tazewell, VA, Steven K. Jambois, Kralovec, Jambois & Schwartz, Chicago, IL, for Plaintiff.

Peter Duane Vieth, Wooten & Hart, P.C., Roanoke, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The question in this personal injury action arising under Virginia law is whether the plaintiff is entitled to introduce evidence of portions of medical bills that have been "written off" by virtue of provider agreements with the plaintiff's health care plan. I hold that the collateral source rule does not require the admission of such amounts, and grant the defendant's motion in limine to exclude them.

### I

The plaintiff contends in this action that the defendant physician committed medical malpractice and seeks compensatory damages. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy.[1] The plaintiff wishes to introduce at trial evidence of certain medical expenses that he claims were incurred in a surgery undertaken to correct the harm caused by the defendant.

One such expense is the surgeon's bill from Hinsdale Orthopedic Associates of Hinsdale, Illinois. Pursuant to a contract between Hinsdale Orthopedic Associates and United Health Care of Illinois, a private health care plan of which the plaintiff was a member, the amount of $1,392.23 was deducted from that bill as an "adjustment" for which the plaintiff is not liable. The other expense is a hospital bill for the surgery from Hinsdale Hospital. Also pursuant to a contract with United Health Care, the amount of $8,848.08 was deducted from the hospital bill as an adjustment and the plaintiff is not liable for this amount. The health care plan paid the amount of both bills less the adjustments.[2]

The defendant has moved in limine to exclude at the jury trial of this case the evidence of any amounts representing the contractual adjustments or "write-offs" of these bills. The defendant contends that the write-offs are inadmissible because they were not incurred by the plaintiff. The plaintiff argues that they are admissible under the Virginia collateral source rule. The motion has been argued and is ripe for decision.

### II

■ Since this is a diversity case, I must under *Erie*[3] apply Virginia substantive law.[4] The application of the collateral source doctrine, while an evidentiary rule, is closely tied to state substantive policy,

---

1. 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 1999).

2. These adjustments resulted from the contract provisions that required the health care providers to accept flat-rate reimbursement for certain procedures, or a discounted fee for services. These arrangements are typical managed care reimbursement methods, used in an effort to control medical costs. *See* Michael K. Beard, *The Impact of Changes in Health Care Provider Reimbursement Systems on the Recovery of Damages for Medical Expenses in Personal Injury Suits,* 21 Am. J. Trial Advoc. 453, 466–71 (1998).

3. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

4. The alleged negligence occurred entirely in Virginia.

and thus is governed here by Virginia law. *See Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109–110 (4th Cir.1995) (holding that state evidentiary rule excluding private internal company documents is applicable in a diversity case, even though the documents were otherwise admissible as relevant under the Federal Rules of Evidence).

There is yet no decision of the Virginia Supreme Court directly on point, and accordingly I must predict Virginia law, using authoritative sources such as "recent pronouncements of general rules or policies by the state's highest court. . . ." *Wells v. Liddy,* 186 F.3d 505, 528 (4th Cir.1999).[5]

██ Virginia has adopted the collateral source rule, by which "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." *Schickling v. Aspinall,* 235 Va. 472, 369 S.E.2d 172, 174 (1988). Thus, the fact that the plaintiff's medical expenses were paid by his health care plan is not admissible. The question here is whether the amount of these medical expenses include the write-offs.

██ In *State Farm Mutual Automobile Insurance Co. v. Bowers,* 255 Va. 581, 500 S.E.2d 212, 215 (1998), the Virginia Supreme Court held that under a medical payments provision of an automobile policy in which the insurer agreed to pay all medical expenses "incurred" by the insured as the result of an accident, the insurance company was only required to pay the amount accepted by the medical provider in full payment under an agreement with a health care plan. The court held that any write-off of the medical expense was simply not "incurred" by the insured. While this case involved the interpretation of a contractual provision, a similar logic applies, in my opinion, to the present tort case.

██ A successful tort plaintiff is entitled to compensatory damages for actual loss. *See Dillingham v. Hall,* 235 Va. 1, 365 S.E.2d 738, 739 (1988). Since no one, including the plaintiff, is liable for the amount of the write-offs, they do not represent actual loss. *See McAmis v. Wallace,* 980 F.Supp. 181, 184 (W.D.Va.1997) (holding that plaintiff in Virginia personal injury action could not recover amount of Medicaid write-off).

The plaintiff argues that he should be entitled to show, under the collateral source rule, the "reasonable value" of the medical services provided to him. *See Va. Code Ann.* § 8.01–413.01 (Michie Supp. 1999) (providing that presumption of reasonableness of medical charge arises from an authenticated bill). However, to be applied here, the reasonable value principle must be one of limitation, not of aggrandizement. *See Sykes v. Brown,* 156 Va. 881, 159 S.E. 202, 204 (1931) (holding that in personal injury action, "[p]ayment of the expense of treatment is not essential to a recovery. If plaintiff is liable for the debt incurred, that is all that is necessary.").[6]

Discounting is a reality of modern medical economics and it does no violence to the collateral source doctrine to bring to the tort compensation system the same intended savings. By allowing the plaintiff to show the discounted medical expenses as evidence of his damages, even though he paid no part of them, but refusing any evidence of the write-offs that no one in-

---

5. I may also consider state lower court decisions, *id.,* but those are in conflict in Virginia. *See McAmis v. Wallace,* 980 F.Supp. 181, 183 (W.D.Va.1997) (discussing conflicting Virginia trial court decisions).

6. Moreover, the plaintiff has made no actual attempt to show that the undiscounted medical bills represented the reasonable value of the services provided. I hold that any presumption raised by the statute that the bills are reasonable has been rebutted by the showing of the amount of the write-offs.

curred, there is a proper balance of the competing interests at issue.

### III

For the foregoing reasons, it is **OR-DERED** that paragraphs 6 and 7 of the defendant's motion to limit the plaintiff's damage claim (Doc. No. 27) are granted and the plaintiff is precluded from referring to or introducing at trial any amount of the relevant medical bills that represents adjustments or write-offs.