# CIRCUIT COURT OF FAIRFAX COUNTY

Lawrence S. Feraca

v.

Carolyn P. Klinker

May 2, 2000

Case No. (Law) 182699

BY JUDGE LESLIE M. ALDEN

This Motion came before the Court upon the Supplemental Submission in Support of the Motion in Limine filed by Defendant Carolyn P. Klinker and the Opposition to the Submission and Motion for Reconsideration filed by Plaintiff Lawrence S. Feraca. The issues under advisement relate to the admissibility of the so-called "write offs" of medical bills and are as follows:

(1) Whether the medical bills submitted by the Defendant are *prima facie* evidence of the medical expenses incurred by the Plaintiff; and

(2) Whether the written-off portions of the medical bills should be admitted in accordance with the "collateral source" doctrine.

For the reasons set forth herein, the Court finds that the medical bills are *prima facie* evidence that the health care providers wrote off portions of the bills, subject to rebuttal evidence presented by Plaintiff to the contrary. Further, exclusion of the written-off portions of the bills does not violate the collateral source doctrine.

*Analysis*

A. *Determination of Expenses Incurred*

Defendant submitted copies of medical bills which, Plaintiff argues, do not indicate that the health care providers have written off a portion of the

total medical bills. However, upon review of the medical bills, the Court finds that they clearly indicate that the health care providers have made adjustments for the insurance company's payment, adjustments for the patient's co-payments, and have written off any remaining portions of the bills. As such, these bills constitute *prima facie* evidence that Plaintiff has no further liability to these providers beyond that which has been paid by Plaintiff and the insurance company. In other words, the bills show the extent of the expense incurred by Plaintiff to each particular provider.

Thus, Defendant has made a *prima facie* showing that Plaintiff is not liable to the health care providers for an amount greater than that which they have agreed to accept based on insurance fee agreements and schedules. Accordingly, the medical expenses "incurred" by Plaintiff for which he may seek recovery in this case are those amounts that the health care providers accepted as full payment for their services and do not include the amounts written off for any reason. *State Farm Mutual Auto. Ins. Co. v. Bowers*, 255 Va. 581, 585-586 (1998); *McAmis v. Wallace*, 908 F. Supp. 181, 185 (W.D. Va. 1997).

### B. *Application of the Collateral Source Doctrine*

Plaintiff contends, however, that such a treatment of the "write-offs" amounts to a violation of the collateral source doctrine, a time-honored principle recognized in Virginia jurisprudence. According to the collateral source rule, compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes. *Schickling v. Aspinall*, 235 Va. 472, 474 (1988). The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more, and (2) a defendant is liable for all damages that proximately result from his wrong. *Schickling* at 474-475.

However, I conclude that the collateral source doctrine is not implicated in the context of this case because the doctrine pertains to the issue of the payment of damages incurred, not to the initial determination of whether expenses have been incurred. Because the propriety of the application of a discount commonly referred to as a "write off" relates to the determination of the quantum of damages, rather than the manner in which the damages are paid, the collateral source rule in inapposite. For the collateral source rule to apply, the injured party must, in the first instance, be responsible for making payment, even if a collateral source actually makes the payment. *McAmis* at 184. Here, no one was liable for the written-off portions of the medical bills,

so the collateral source rule does not require that Plaintiff be permitted to recover the written-off portion. If, under some circumstance, Plaintiff can establish personal liability for the written-off portions, then the collateral source rule would permit a recovery for those portions. *Id.*

Nevertheless, even if the collateral source doctrine does pertain to the analysis, it is not violated by the ruling in this case. Under Virginia law, a plaintiff is entitled to be made whole by recovering compensatory damages for actual loss sustained. *Dillingham v. Hall*, 235 Va. 1 (1988). Since no one, including the Plaintiff, has paid or is liable for the amount of the bills discounted or written off, they do not represent an actual expense incurred. *Virginia Farm Bureau Mut. Ins. Co. v. Hodges*, 238 Va. 692 (1989).

> The savings to the tort compensation system resulting from this type of discounting does no violence to the collateral source doctrine. By allowing the plaintiff to show the discounted medical expenses as evidence of his damages, even though he paid no part of them, but refusing any evidence of write-offs that no one incurred, there is a proper balancing of the competing interests at issue. *Mitchell v. Hayes*, 72 F. Supp. 2d 635, 637 (W.D. Va. 1999).

### Conclusion

For the reasons stated herein, the Court finds that the medical bills submitted in Defendant's Supplemental Submission constitute a *prima facie* showing regarding the amount of expense incurred by the Plaintiff. Subject to rebuttal evidence of Plaintiff that he has incurred additional expenses related to these health care providers, those portions of the bills that were "written off" are not expenses incurred, and therefore, their exclusion does not violate the collateral source doctrine. Accordingly, Plaintiff's Motion to Reconsider is hereby denied.