PER CURIAM.
Appellant, Evelio Gainza (“Gainza”), appeals the denial of his motion for a new trial as to liability and damages. Appellee, Eugene Stearns (“Stearns”) cross appeals seeking a new trial limited to the amount of past medical damages only. We reverse and remand for a new trial on damages only.
This case arises from a personal injury action following a car accident in which Gainza incurred $17,861.00 in medical expenses and was diagnosed with a permanent spinal injury. During deliberations, the jury sent out several questions regarding Gainza’s medical bills. Specifically, the jury was concerned about whether the other driver’s insurance would cover the bills. The court informed the jury that the medical bills were still owed but that the issue of insurance was not for them to consider.
Following the submission of questions, the jury found both parties negligent and apportioned 60% liability to Gainza and 40% to the other driver. The jury also found that Gainza incurred no past medical expenses, did not suffer a permanent inju *684 ry, and would incur no future medical expenses. Gainza moved for a new trial arguing that a zero damages award was improper in light of the damages suffered due to the apportioned negligence of the other driver.
The trial court denied Gainza’s motion, and sua sponte ordered an additur in the amount of $12,861.00. Gainza now appeals the trial court’s denial of his motion for a new trial. He claims that a new trial on both liability and damages is warranted because it was fundamental error for the trial court to sua sponte enter an order of additur instead of granting Gainza’s motion for a new trial.
A zero damage verdict is inadequate and a new trial on damages is required when the plaintiff has suffered some damages from the negligence of the defendant. See Molinari v. Florida Key Electronic Coop. Ass’n, Inc., 545 So.2d 322 (Fla. 3d DCA 1989); Massey By and Through Massey v. Netschke, 504 So.2d 1376 (Fla. 4th DCA 1987). Because it is undisputed that Gainza suffered damages due to the negligence of the other driver, we agree that the verdict as to damages is inadequate and reverse for a new trial on damages.
However, we disagree with Gainza’s contention that the new trial should also be granted as to liability. The jury’s questions related only to the issue of the amount of past medical damages or matters unrelated to trial. Gainza failed to present any record evidence which would indicate that the issues of liability and damages were inextricably intertwined. Therefore we agree with Stearns’ argument on cross-appeal, that a new trial on both issues is not warranted. See Jarvis v. Tenet Health Sys. Hosp., Inc., 743 So.2d 1218 (Fla. 4th DCA 1999); Saunders v. Alois, 604 So.2d 18 (Fla. 4th DCA 1992); Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1150 (Fla.1986).
Reversed and remanded for a new trial on damages.