JOYCE ARTHUR, Plaintiff-Appellant, v. LAURIE CATOUR *et al.*, Defendants-Appellees (Stenzel Brothers Auction Service, Inc., Cross-Plaintiff and Cross-Defendant; Laurie Catour, Cross-Defendant and Cross-Plaintiff).

Third District    No. 3—02—0810

Opinion filed January 16, 2004.

LeRoy A. Compton (argued), of Goldfine & Bowles, P.C., of Peoria, for appellant.

Jeffrey D. Martens (argued), of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee Stenzel Brothers Auction Service, Inc.

Michael T. Reagan (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, and Craig Levien, of Davenport, Iowa, for appellee Laurie Catour.

Peter A. Monahan, Anne M. Oldenburg, and Michael C. Holy, all of Alholm, Monahan, Keefe & Klauke, of Chicago, for *amicus curiae*.

JUSTICE SLATER delivered the opinion of the court:

In this case we must determine whether an injured plaintiff may recover as damages the entire amount billed for medical services, or if she is limited to the discounted amount paid by her insurance carrier. We find that the rationale underlying the collateral source rule supports allowing recovery of the full amount billed.

## Facts

Plaintiff Joyce Arthur alleged in her complaint that she fractured her leg after stepping in a hole on a farm owned by defendant Laurie Catour. Plaintiff was attending an auction at the farm which was conducted by Stenzel Brothers Auction Services, Inc. Plaintiff incurred $19,355.25 in medical bills for treatment of her injuries. Plaintiff had group medical insurance with Blue Cross/Blue Shield through her husband's employer. Because of the insurer's contractual agreements with the healthcare provider, only $13,577.97 was required to pay off the medical bills. Defendants thereafter filed a motion for partial summary judgment seeking to limit plaintiff's claim for medical expenses to the amount paid rather than the amount billed. The trial court granted defendant's motion, finding that allowing plaintiff to recover the larger amount "would only serve to punish the defendants *** and provide a windfall for the plaintiff." We allowed plaintiff's application for leave to appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), and we now reverse and remand.

## Analysis

Because of the importance of the issue presented by this case, we allowed the Illinois Association of Defense Trial Counsel (hereinafter *amicus*) to present an *amicus* brief in support of the defendants. That brief, and those of the defendants, present various arguments for affirming the trial court's order, all of which we have considered. Two primary themes underlie defendants' position: (1) plaintiff is not

entitled to damages greater than the amount she was obligated to pay and any additional sums would be a windfall; and (2) the difference between the amount charged and the amount paid is "illusory" and is not subject to the collateral source rule.

■ With respect to the first contention, it is of course true that "[t]he purpose of compensatory tort damages is to compensate the plaintiff for [her] injuries, not to punish defendants or bestow a windfall upon plaintiffs." *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 321, 546 N.E.2d 524, 530 (1989). Defendants maintain that because plaintiff was never obligated to pay the full amount billed, the amount paid by her insurer is the true measure of her damages. We disagree. Although "discounting" of medical bills is a common practice in modern healthcare (*Mitchell v. Hayes*, 72 F. Supp. 2d 635, 637 (W.D. Va. 1999); see M. Beard, *The Impact of Changes in Health Care Provider Reimbursements Systems on the Recovery of Damages for Medical Expenses in Personal Injury Suits*, 21 Am. J. Trial Advoc. 453 (1998) (hereinafter *Impact*)), it is a consequence of the power wielded by those entities, such as insurance companies, employers and governmental bodies, that pay the bills. See 21 Am. J. Trial Advoc. 453. While large "consumers" of health care such as insurance companies can negotiate favorable rates, those who are uninsured are often charged the full, undiscounted price. See B. Hewitt, M. Harrington & C. Clark, *Target: Medical Bills*, People, October 6, 2003, at 159-60. In other words, simply because medical bills are often discounted does not mean that the plaintiff is not obligated to pay the billed amount. Defendants may, if they choose, dispute the amount billed as unreasonable, but it does not become so merely because plaintiff's insurance company was able to negotiate a lesser charge. For the same reasons, plaintiff receives no "windfall" when she is compensated for her reasonable medical expenses. To the extent that she receives an amount greater than that paid by her insurer in satisfaction of the bill, that difference is a benefit of her contract with the insurer, not one bestowed on her by defendants.

■ We also disagree with defendants' contention that the collateral source rule does not apply to the "illusory" difference between the amount billed and the amount paid. The nature and purpose of the collateral source rule was explained in *Wilson*:

> "Under the collateral source rule, benefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor. [Citations.] A situation in which the collateral source rule is frequently applied is one in which the injured plaintiff has been partly or wholly indemnified for the loss by proceeds from his

accident insurance. In such a situation, the damages recovered by the plaintiff from the tortfeasor are not decreased by the amounts received from insurance proceeds. The justification for this rule is that the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons." *Wilson*, 131 Ill. 2d at 320, 546 N.E.2d at 530.

█ The defendants do not dispute that the collateral source rule is applicable to the $13,577.97 that was paid to satisfy plaintiff's medical bills. They maintain, however, that the rule does not apply to the "illusory" $5,777.28 difference between the billed amount and the amount paid because no one paid or was liable for that amount. We disagree. Plaintiff was billed over $19,000 and, *but for her insurance coverage*, she was liable for that amount. Limiting plaintiff's damages to the amount paid by her insurer confers a significant benefit of that coverage on the defendants. This result is directly contrary to the collateral source rule's goal of ensuring "that the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons." *Wilson*, 131 Ill. 2d at 320, 546 N.E.2d at 530.

*Amicus* contends that the defendants are not seeking to take advantage of plaintiff's contract with her insurer, but instead seek the benefit of the relationship between two third parties—the health-care provider and the insurer. We believe that this argument incorporates an overly narrow view of plaintiff's relationship with her insurer. In *Acuar v. Letourneau*, 260 Va. 180, 531 S.E.2d 316 (2000), the Supreme Court of Virginia held that a plaintiff was entitled to recover the full amount of his medical expenses, including the amounts "written off" pursuant to contractual agreements between the health-care providers and the insurance carrier. The court stated: "Those amounts written off are as much of a benefit for which [plaintiff] paid consideration as are the actual cash payments made by his health insurance carrier to the healthcare providers." *Acuar*, 260 Va. at 192, 531 S.E.2d at 322. Similarly in this case, the lower charges negotiated by plaintiff's insurance company are as much a benefit of the insurance contract as the payments themselves. Under the collateral source rule, that benefit should inure to plaintiff, not to the defendant tortfeasors.

Nor is *Acuar* the only case to hold that a plaintiff is entitled to receive full payment for medical expenses, despite the fact that the bills were settled for a reduced amount. Similar conclusions were reached in *Calva-Cerqueira v. United States*, 281 F. Supp. 2d 279 (D.D.C. 2003), *Hardi v. Mezzanotte*, 818 A.2d 974 (D.C. 2003), and

*Koffman v. Leichtfuss,* 246 Wis. 2d 31, 630 N.W.2d 201 (2001). *Cf. Haselden v. Davis,* 353 S.C. 481, 579 S.E.2d 293 (2003) (finding that both the amount billed and the lower amount paid by Medicaid were admissible to establish damages); *First Midwest Trust Co. v. Rogers,* 296 Ill. App. 3d 416, 701 N.E.2d 1107 (1998) (applying collateral source rule to payments made by health maintenance organization).

On the other hand, defendants have cited cases from other jurisdictions supporting their position. See *Moorhead v. Crozer Chester Medical Center,* 564 Pa. 156, 765 A.2d 786 (2001) (plaintiff's damages were limited to amount paid by Medicare and supplemental insurance rather than reasonable value of medical services); *McAmis v. Wallace,* 980 F. Supp. 181 (W.D. Va. 1997) (plaintiff was not entitled to recover amounts "written off" by health-care provider pursuant to Medicaid contracts); *Bates v. Hogg,* 22 Kan. App. 2d 702, 921 P.2d 249 (1996) (damages limited to amounts paid by Medicaid); *Hanif v. Housing Authority,* 200 Cal. App. 3d 635, 246 Cal. Rptr. 192 (1988) (plaintiff's damages limited to amount paid by Medi-Cal). We note that many of these cases involve payments made by public programs such as Medicare or Medicaid, rather than private insurance carriers. In such cases the rationale that plaintiff is being denied the "benefit of her bargain" is less compelling. See *Peterson v. Lou Bachrodt Chevrolet Co.,* 76 Ill. 2d 353, 392 N.E.2d 1 (1979) (collateral source rule did not permit plaintiff to recover value of free medical services rendered by Shriner's Hospital for Crippled Children). In any event, decisions from other jurisdictions are merely persuasive, at best. Our decision is based, not on the rulings of other courts, but on our own judgment of how to best harmonize the law of compensatory damages with the principles underlying the collateral source rule. Accordingly, we hold that plaintiff's damages are not limited to the amount paid by her insurer, but may extend to the entire amount billed, provided those charges are reasonable expenses of necessary medical care.

Finally, *amicus* asserts that if plaintiff is allowed to submit evidence regarding the billed charges, defendants should be permitted to present evidence that the health-care providers accepted a reduced amount as full payment. *Amicus* argues that the amount accepted as payment is the best indicator of the reasonable value of the medical services provided. We do not disagree, but this issue is beyond the scope of the certified question presented on appeal. Accordingly, we decline to address this matter.

For the reasons stated above, the judgment of the circuit court is reversed and this cause is remanded for further proceedings.

Certified question answered; reversed and remanded.

McDADE, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. In order to recover medical or hospital expenses, a plaintiff must prove that he or she has paid or became liable to pay the amount claimed. *Baretto v. City of Waukegan*, 133 Ill. App. 3d 119, 130 (1985), citing *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 349 (1925). Medical services obtained without expense, obligation or liability to a plaintiff are not recoverable against a defendant in a personal injury action. *Peterson v. Lou Bachrodt Chevrolet Co.*, 76 Ill. 2d 353, 363 (1979). Here, it is undisputed that the plaintiff never paid or became liable for the $5,777.28 she seeks from the defendant.

In view of the fact that the plaintiff was never liable for the amount "discounted" by the hospital, I disagree with the majority's conclusion that the collateral source rule nonetheless entitles her to recover the $5,777.28 that was never a cost incurred as a result of defendant's negligence.

"Under the collateral source rule, *benefits received by* the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor." (Emphasis added.) *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 320 (1989). The purpose of the collateral source rule is to preclude the jury from considering the payment of medical bills by insurance or collateral income when it decides the plaintiff's damages. *Boden v. Crawford*, 196 Ill. App. 3d 71 (1990). Here, the amount *received* from the plaintiff's insurance company in full payment of plaintiff's past medical expenses—$13,577.97—will be fully protected by the collateral source rule. The additional $5,777.28 needs no such protection, as the plaintiff never incurred or became obligated for that expense.

The majority maintains that the plaintiff is entitled to the $5,777.28 over and above her actually incurred medical expenses as this represents the benefit of her bargain with her insurance company. Had the plaintiff, or more accurately, her husband's employer, actually contracted for payment of all charges at the maximum rate chargeable by a health-care provider, I would agree that plaintiff is entitled to the disputed amount, as that would have been the amount she received from the collateral source. However, the benefit of the bargain in the plaintiff's group health insurance policy was that the insurer would

pay her reasonable medical expenses, whatever that amount turned out to be. The fact that her insurance company was able to negotiate with the medical providers to reduce the amount *it* would have to pay to satisfy its obligation to the plaintiff was the benefit flowing to the insurance company from its contract with the providers. In other words, the plaintiff got the benefit of her contract when the insurance company paid her medical bills leaving her no liability.

I see no legal reason to allow the plaintiff to recover for expenses she never paid nor ever became obligated to pay as a result of the negligence of the defendant. I therefore respectfully dissent.