DECISION AND JUDGMENT ENTRY
{¶ 1} Vickie and Dennis Gustin appeal the Highland County Court of Common Pleas' judgment in their favor and subsequent denial of their motion for a new trial. The Gustins contend that the trial court committed reversible error when it granted the Chaneys' motion in limine, prohibiting them from presenting evidence of the total medical expenses billed for Mrs. Gustin's treatment after the Chaneys' dog bit her on the lip. Instead, the court only allowed them to present evidence of the amounts actually paid by the Gustins or their insurance company. Because we find that the trial court erred as a matter of law by excluding the Gustins' evidence of Mrs. Gustin's total medical bills, we reverse the trial court's judgment and remand this cause for a new trial.
 I. {¶ 2} The parties stipulated that Mrs. Gustin was invited to the home of Jeff and Lori Chaney to plan a high school reunion. They further stipulated that on June 24, 2001, after being in the Chaney home for approximately one hour, Mrs. Gustin approached the Chaneys' Weimaraner, and was bitten. The parties do not dispute that Mrs. Gustin sustained injuries to her upper and lower lip as a result of the dog bite. Accordingly, the trial court granted the Gustins' motion for partial summary judgment on the issue of liability, and the case proceeded to trial solely on the issue of damages.
 {¶ 3} Before trial, the Chaneys filed a motion in limine, seeking a determination that any evidence of medical bills in excess of the amount paid by the Gustins' or their health insurance carrier was inadmissible. The Chaneys argued that the amount actually accepted by the medical providers as payment in full constituted the true measure of the Gustins' damages. The Gustins opposed the motion, arguing that pursuant to Ohio statutory and case law, a written medical bill or statement constitutes prima facie evidence of the reasonableness of the charge. The Gustins noted that Mrs. Gustin's medical bills totaled $33,356.57, but that they and/or their insurance carrier only paid $13, 258.55 for her care. The Gustins argued that the collateral source rule served to prevent the Chaneys from benefiting from any payments made or discounts negotiated by the Gustins' insurance carrier. After conducting a hearing on the motion, the trial court orally granted the Chaney's motion, ruling that "the amount the medical provider actually settled for would be the amount that the jury would hear." Accordingly, the only evidence presented to the jury regarding Mrs. Gustin's medical bills consisted of the jury interrogatory form, which stated the lump sum of $13,258.55 in past medical expenses — the amount that the parties stipulated was actually paid by the Gustins and/or their insurance carrier for Mrs. Gustin's medical treatment.
 {¶ 4} In order to preserve their objection to the trial court's ruling, the Gustin's did proffer their Exhibit 1, a summary of the charges actually billed for Mrs. Gustin's medical treatment, at the close of their case-in-chief, noting that the court had already excluded that exhibit. The record does not reflect whether the trial court ruled upon this proffer. However, the parties acknowledge that, consistent with the trial court's ruling upon the motion in limine, Exhibit 1 was never presented to the jury.
 {¶ 5} At trial, the jury returned a verdict in favor of the Gustins for $108,258.55. On February 7, 2005, the trial court issued a judgment entry memorializing the verdict. Thereafter, the Gustins moved the court for a new trial, and the trial court denied the motion. The Gustins now appeal, raising the following assignments of error: (1) The trial court erred in granting [the Chaneys'] Motion in Limine limiting the amount of each medical expense that could be presented to the jury to that portion of the expense paid by the [Gustins] or [their] medical insurer. (2) The trial court erred in denying [the Gustins'] Motion for New Trial.[1]
 II. {¶ 6} In their first assignment of error, the Gustins argue that the trial court committed prejudicial, reversible error in granting the Chaney's motion in limine, effectively prohibiting them from introducing evidence of the medical bills incurred as a result of Mrs. Gustin's dog bite. Specifically, the Gustins contend that under Ohio law, a plaintiff's recovery of the reasonable value of medical treatment is not limited to the amount actually paid by the plaintiff's medical insurer. Instead, they assert that the jury should be permitted to consider the amount actually billed by the medical providers to determine the reasonable value of the services provided.
 {¶ 7} "A motion in limine is a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial. The motion asks the court to exclude the evidence unless and until the court is first shown that the material is relevant and proper." State v. Winston (1991), 71 Ohio App.3d 154, 158.
 {¶ 8} We have previously found that "[t]he granting of a motion in limine is not a final ruling on the admissibility of the evidence in question; rather, it is `a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue.'" Board ofCounty Com'rs, Lawrence County v. Burgess Niple, Ltd. (Jan. 27, 1993), Lawrence App. No. 91CA24, quoting State v. Grubb
(1986), 28 Ohio St.3d 199, 201-202. Therefore, in order to preserve the error for appeal, the non-moving party who has been temporarily precluded from introducing the disputed evidence must proffer the evidence when the issue is reached during trial. Evid.R. 103(A)(2).
 {¶ 9} Here, the trial court appears to have treated the Chaney's motion in limine as a motion to suppress by regarding its ruling upon the motion as a final ruling upon the admissibility of the evidence. However, the Gustins did proffer the disputed evidence at trial as required by Evid.R. 103(A)(2). Accordingly, we conclude that they have properly preserved their right to object on appeal to the exclusion of the evidence regarding the total medical expenses billed for Mrs. Gustin's medical treatment.
 {¶ 10} It is well settled that, in the context of a personal injury action, an injured party is entitled to recover the reasonable and necessary medical expenses arising from the injury. See Wagner v. McDaniels (1984), 9 Ohio St.3d 184. R.C.2317.421 provides: "In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees." Furthermore, the Ohio Supreme Court has held that "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." Wagner, at paragraph one of the syllabus.
 {¶ 11} Here, however, the trial court refused to allow the Gustins to admit evidence regarding the amount actually billed for Mrs. Gustin's medical care. The court only permitted evidence regarding the amount the Gustins and/or their insurance carrier actually paid Mrs. Gustin's healthcare providers for her care.
 {¶ 12} In Robinson v. Bates (2005), 160 Ohio App.3d 668, the First District Court of Appeals found, based in part upon R.C. 2317.421 and Wagner, supra, that a trial court must admit proffered medical bills as a matter of law. Robinson at ¶ 27. Once admitted, the defense may have an opportunity to rebut that prima facie evidence of necessity and reasonableness. Id. See, also, Coleman v. Drayton (Mar. 24, 1994), Franklin App. No. 93APE10-1402.
 {¶ 13} The Robinson court specifically addressed the issue of whether a personal injury plaintiff could seek recovery of the amount billed for her medical care or only for the amount negotiated and paid by her insurance carrier. In doing so, the court noted that the collateral source rule prevents the reduction of a plaintiff's recovery for payments received from other sources. Id. at ¶ 32, citing Prior v. Webber (1970),23 Ohio St.2d 104, 107. The collateral source rule embodies the public policy decision that the injured party, rather than the tortfeasor, should be the one to benefit if payment from an outside source creates a windfall. Id. Therefore, the rule prevents the jury from learning anything about any income or payments from collateral sources that might otherwise influence its determination of damages. Id., citing Pryor, supra, at 109.
 {¶ 14} In determining that the collateral source rule applies to prevent a defendant-tortfeasor from benefiting from an agreement between a plaintiff's healthcare provider and insurer to write off a portion of the plaintiff's medical costs, theRobinson court examined decisions from a number of jurisdictions. The Robinson court's analysis reveals that the majority of jurisdictions considering the issue have allowed plaintiffs to recover the full amount of the necessary and reasonable treatment charges, regardless of what the injured party or their insurance carrier actually paid for the services, based upon either the collateral source rule or a contract analysis. The court noted that the jurisdictions allowing full recovery to all plaintiffs, whether insured or uninsured, "recognized that a defendant's liability is for the reasonable value of the damage caused[, and] * * * should not vary due to the financial situation of the plaintiff." Id. at ¶ 61.
 {¶ 15} While the Robinson court noted that a number of jurisdictions have held that a plaintiff's recovery should be limited to the amount actually paid by the plaintiff's insurance, it also recognized that most of those courts have been influenced by state statutory limitations or abrogations of the collateral source rule. Id. at ¶ 62. However, the court noted that Ohio has no such statutory limitation. Id. at ¶ 70. Citing the public policy objective of the collateral source rule, the court concluded that, in Ohio, the collateral source rule applies to any amount written off pursuant to an agreement between a plaintiff's insurance carrier and healthcare provider. Id. at ¶ 83.
 {¶ 16} Here, the Chaneys argue that the collateral source rule should not apply because they did not attempt to introduce any evidence of payment from collateral sources. We disagree. Although the $13,258.55 the Chaney's sought to submit to the jury did not explicitly identify any payment made by a third party, the amount consisted solely of the charges paid by a third party, while omitting any mention of the discount received as a benefit of the Gustin's contractual relationship with that third party. Admitting the amount actually paid by the insurer without admitting the actual billed charges violates the purpose and spirit of the collateral source rule by permitting the Chaneys to benefit from the insurer's discount without actually disclosing the existence of that benefit. As the First District noted, "[t]his result is directly contrary to the collateral source rule's goal of ensuring that `the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons.'" Robinson at ¶ 43, quotingArthur v. Catour (2004), 345 Ill. App.3d 804, 807, 281 Ill. Dec. 243, 803 N.E.2d 647 (citations omitted). Therefore, we find the Chaneys' argument without merit.
 {¶ 17} We recognize that the possibility of a plaintiff recovering a substantial cash award for medical bills that exist only on paper is offensive to many in today's climate of spiraling medical and insurance costs. The root of the problem lies with medical providers charging inflated prices for their services, and then striking a bargain with insurance companies to accept a lesser amount as payment in full for those services. Undoubtedly, the lesser amount paid by the insurance companies is more reflective of the true value of the services rendered.
 {¶ 18} That being said, we believe that the Robinson court reached the proper result under Ohio law as it exists today. Accordingly, we find that the trial court erred as a matter of law when it granted the Chaneys' motion in limine and excluded the Gustins' evidence regarding Mrs. Gustin's total medical bills. Accordingly, we sustain the Gustins' first assignment of error. In so doing, we note that even if the evidence of a plaintiff's total medical bills is admitted into evidence, recovery of the full amount of those charges is not guaranteed. A defendant may still present evidence to rebut the reasonableness of the billed charges, which could substantially reduce a plaintiff's recovery.[2] While this process may be time consuming and unwieldy, in the absence of a statutory limitation of the collateral source rule, it is necessary.
 III. {¶ 19} In their second assignment of error, the Gustins contend that, based upon the trial court's error in excluding their evidence of Mrs. Gustin's medical bills, the trial court erred in denying their Civ.R. 59(A)(9) motion for a new trial error.
 {¶ 20} Civ.R. 59(A)(9) provides that the trial court may grant a new trial based upon "[e]rror of law occurring at the trial and brought to the attention of the trial court." Because the trial court's decision to deny the Gustin's motion for a new trial pursuant to this rule involves a decision of law, rather than an exercise of discretion, we review the trial court's decision de novo. Ferguson v. Dyer (2002), 149 Ohio App.3d 380,383, citing Rohde v. Farmer (1970), 23 Ohio St.2d 82, at paragraph two of the syllabus.
 {¶ 21} We have already determined that the trial court erred as a matter of law in excluding evidence of Mrs. Gustin's total medical bills. Additionally, we find that the Gustins brought this error to the trial court's attention at the time of trial. Therefore, we find that the trial court erred as a matter of law in denying the Gustins' motion for a new trial pursuant to Civ.R. 59(A)(9). Accordingly, we sustain the Gustins' second assignment, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
[1] In their brief, the Gustins labeled their assignments of error as "STATEMENT OF THE ISSUES PRESENTED." Additionally, they have failed to separately argue their assignments of error as required by App.R. 16(A). We may disregard an assignment of error presented for review if the party raising it fails to separately argue the assignment in their brief, as required by App.R. 16(A). App.R. 12(A)(2). However, in the interests of justice we shall address both of the Gustins' assignments of error herein.
[2] We note that the Chaneys did not dispute the amount billed by Mrs. Gustin's healthcare providers, and, at the hearing on their motion in limine, actually conceded that the billed charges were reasonable.