PER CURIAM.
 

 Petitioners, Alvaro E. Azanza and Maria A. Cedeno Azanza, petition this court for issuance of a writ of certiorari. In their petition, they request that this court quash the orders of the lower tribunal dated September 10, 2009, and February 4, 2009. The September 10, 2009 order, for which review is sought, denied the petitioners’ motion to postpone the foreclosure sale of their home and to vacate the February 4, 2009, order. The February 4, 2009, order granted a summary judgment of foreclosure to respondent ten days after the motion for summary judgment was served on petitioners. We deny the petition, as the petitioners have not shown a departure from the essential requirements of law.
 

 According to the petition, the underlying action was filed September 3, 2008. On January 20, 2009, respondent moved for summary judgment and served a notice of hearing. The hearing was held fifteen days later on February 4, 2009, and the court entered a final judgment of foreclosure. The petitioners did not timely appeal this judgment. Then, after retaining counsel, petitioners, a day before the scheduled foreclosure sale, filed a limited notice of appearance and an emergency motion to postpone the sale. As grounds, counsel argued the summary judgment of foreclosure was improper because it was granted in violation of the Florida Rules of Civil Procedure, as petitioners were not given twenty days notice prior to the summary judgment hearing.
 
 See
 
 Fla. R. Civ. P. 1.510(c) (stating that “[t]he movant shall
 
 *587
 
 serve the motion at least 20 days before the time fixed for the hearing”). The motion alleged, without explanation, that the petitioners did not waive compliance with rule 1.510(c), they had defenses to raise, and the court had no discretion regarding the time requirements of rule 1.510(e). The trial court denied the motion. This petition followed.
 

 This court has held that any error in failing to give twenty days notice prior to a summary judgment hearing is waived if the party does not object to insufficient notice either before a summary judgment hearing, at the summary judgment hearing, or in a motion for rehearing.
 
 E & I, Inc. v. Excavators, Inc.,
 
 697 So.2d 545, 546 (Fla. 4th DCA 1997) (holding that “where, as in the present case, there was no objection to the insufficient notice prior to the [summary judgment] hearing, at the [summary judgment] hearing, nor in the motion for rehearing, the issue has been waived”). If this issue can be waived and, if unpre-served, is not grounds for reversal on direct appeal, it should not be grounds for an extraordinary writ filed months after the time for an appeal has run. Although petitioners’ motion filed in the trial court alleges that they did not waive compliance with the rule, there is no showing in this case that they did not have a sufficient opportunity to object to the insufficient notice either before the summary judgment hearing, at the summary judgment hearing, or in a timely motion for rehearing. Petitioners have, therefore, neither shown a departure from the essential requirements of law nor that there is any basis for granting certiorari review. We, accordingly, deny the petition.
 

 WARNER, STEVENSON and HAZOURI, JJ., concur.