# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1966
Lower Tribunal No. 19-1185
_____

**Carlos Eduardo Goncalves, et al.,**
Appellants,

vs.

**South Tower at the Point Condominium, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

Claudio R. Cedrez, LLC, and Claudio R. Cedrez Pellegrino, for appellants.

Becker & Poliakoff, P.A., and Lilliana M. Farinas-Sabogal, for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. See RM & Assocs. Consulting, Inc. v. People's Tr. Ins. Co. 336 So. 3d 762 (Fla. 3d DCA 2021) (citing Estate of Herrera v. Berlo Indus., Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[Appellant] seeks to raise issues which were not raised in the trial court. However, issues not presented in the trial court cannot be raised for the first time on appeal. Thus, [appellant] is precluded from raising new arguments on appeal.")) Azanza v. Priv. Funding Grp., Inc., 24 So. 3d 586, 587 (Fla. 4th DCA 2009) ("This court has held that any error in failing to give twenty days' notice prior to a summary judgment hearing is waived if the party does not object to insufficient notice either before a summary judgment hearing, at the summary judgment hearing, or in a motion for rehearing") (citing E & I, Inc. v. Excavators, Inc., 697 So. 2d 545, 546 (Fla. 4th DCA 1997) (holding that "where, as in the present case, there was no objection to the insufficient notice prior to the [summary judgment] hearing, at the [summary judgment] hearing, nor in the motion for rehearing, the issue has been waived")). See also § 718.121(6), Fla. Stat. (2019) (requiring association to deliver to unit owner a notice of intent to record lien and further providing that such notice must be in "substantially" the form set forth within the statute).