417 So.2d 1106 (1982)
Robert J. DAILEY, Appellant,
v.
MULTICON DEVELOPMENT, INC., Appellee.
No. 81-1718.
District Court of Appeal of Florida, Fourth District.
August 11, 1982.
*1107 Jon H. Gutmacher, Fort Lauderdale, for appellant.
Michael J. Kennedy of Peterson & Fogarty, P.A., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant/owner commenced action against appellee/developer for breach of warranty and negligence in the construction of appellant's condominium apartment. After purchasing his apartment, appellant suffered severe water leakage which, he contended, was entering the apartment through a defective exterior wall and which damaged his furniture and rugs. He sought damages for repair of the wall, diminution in value of the apartment, consequential damages while repairs were being effected, as well as damages for his ruined rugs and furniture. In its answer, appellee generally denied all the allegations and set forth five affirmative defenses alleging contributory negligence, failure to mitigate damages, and three defenses of waiver or estoppel.
Immediately prior to the jury trial, and without any notice to appellant, appellee made an oral motion in limine to exclude any evidence by appellant on the issue of costs of repair of the defect in the wall. Appellee based its motion on the grounds that only the condominium association could claim damages for defects in the wall. This argument is based on the declaration of condominium which apparently provided that the condominium association was responsible for repairing the wall. Therefore, appellee argued, appellant was not a proper party to recover the cost of repair. The trial court granted appellee's motion on these grounds even though it does not appear that the condominium documents were ever properly submitted for the court's consideration. As repair of the wall constituted the largest item of damage in the suit, appellant's measure of recovery was dramatically reduced. At the conclusion of the trial, the jury found appellee 75 percent negligent and assessed total damages at $8,000.
On appeal, appellant asserts that the trial court erred in granting the motion in limine. We agree and reverse. Appellant initially complains of lack of notice. The purpose of a motion in limine is generally to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial. Adkins v. Seaboard Coast Line Railroad Company, 351 So.2d 1088 (Fla. 2d DCA 1977). Notice is not absolutely required where the oral motion is akin to an evidentiary objection at trial. The problem here is that the motion in limine was used for more than its purpose of merely excluding irrelevant or improper prejudicial evidence. Appellee, by way of its motion in limine, attempted to summarily dismiss a portion of appellant's case. The trial court was asked to rule that as a matter of law appellee was not liable to appellant for damages to the wall. Appellee's action is comparable to a motion for summary judgment but without the notice provisions and other requirements of Florida Rule of Civil Procedure 1.510. It may very well be that appellant cannot maintain this action for damages to the wall, but due *1108 process dictates that appellant be given notice and an opportunity to properly respond. We further note the absence of the condominium documents from evidence which also militates for a new trial on all issues.
REVERSED AND REMANDED FOR NEW TRIAL.
DOWNEY and GLICKSTEIN, JJ., concur.