FERGUSON, Judge.
This appeal is brought from a summary final judgment entered for the defendant/hospital at a pretrial conference..
Appellant/plaintiff commenced this medical malpractice action in April, 1980, and issues were joined when the hospital filed its answer in August, 1980. On April 17, 1981, the court entered an order setting the cause for pretrial conference on May 11th and for trial in June, 1981. At the pretrial conference, the court and counsel for the plaintiff were given defendant’s motion for summary judgment with supporting affidavits. Plaintiff objected to a hearing on the motion for the reasons that notice had not been given as required by Florida Rule of Civil Procedure 1.510(c);[1] objected to a ruling on the motion because the testimony of its listed expert was not part of the record; opposed granting of the hospital’s motion on the merits because of the existence of genuine issues of material fact. Defendant/hospital argued successfully that (1) pursuant to the pretrial rule (Fla.R.Civ.P. 1.200), a trial court may enter summary judgment on its own motion at a pretrial conference, and (2) the uncontroverted affidavits of two hospital administrators established that the hospital’s actions, in allow *170 ing the defendant/physician to join and remain on its staff, did not fall below the standard of care in the medical community. The trial court entered summary judgment for the hospital on the ground that the record contained no evidence of negligence on the part of the hospital which contradicted the “no-negligence” affidavits of the administrators. We reverse.
First, the motion for summary judgment clearly was not a court motion but a defense motion, which failed to comply with the notice requirements of the summary judgment rule. Fla.R.Civ.P. 1.510(c); Moseley v. Bi-Lo Supermarket, Inc., 341 So.2d 222 (Fla. 3d DCA 1976); Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3d DCA 1961).
Second, there is no requirement that a plaintiff, in order to avoid an adverse summary judgment at pretrial conference, be prepared to produce all the evidence which she expects to present at trial. In those few cases where summary judgment entered at pretrial conference has been upheld, the issues had been narrowed to a question of law, e.g., Roberts v. Braynon, 90 So.2d 623 (Fla.1956) (where complaint, in action for injuries sustained by plaintiff while riding in automobile driven by defendant, alleged simple negligence only and plaintiffs deposition and minutes of pretrial conference showed facts which would avoid the effect of automobile guest statute, court was confronted with pure question of law), or it was agreed by the non-moving party that the court had before it all the facts necessary for a factual determination, e.g., Raphael v. Koretzky, 102 So.2d 746 (Fla. 3d DCA 1958) (complaint and plaintiffs recitation at pretrial conference of what he expected to prove at trial failed to demonstrate facts constituting negligent acts). Here, the plaintiff had listed an expert who would testify as to the hospital’s negligence, but whose testimony was not before the court.[2] Defendant/hospital was aware of that testimony because the witness had been deposed in an earlier medical mediation proceeding.[3] Without attributing underhanded motives to the moving party, we hold merely that, on this record, defendant has failed to establish conclusively that there were no genuine issues of material fact. Lora v. Maulé Industries, Inc., 235 So.2d 743 (Fla. 3d DCA 1970).
Reversed and remanded for further proceedings.

. Fla.R.Civ.P. 1.510 provides in part:
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing.

. Defendant chose not to depose any of the plaintiffs expert witnesses.

. Fla.R.Civ.P. 1.330(a) provides:
(6) If a civil action is afterward brought, all depositions lawfully taken in a medical liability mediation proceeding may be used in the civil action as if originally taken for it.