483 So.2d 559 (1986)
Robert RICE and Evelyn Rice, Appellants,
v.
Willie J. KELLY and Annie M. Kelly D/B/a Kelly's Laundromat and Old Republic Insurance Company, a Foreign Corporation, Appellees.
No. 85-554.
District Court of Appeal of Florida, Fourth District.
February 26, 1986.
Richard G. Newhouse, of Law Offices of Richard G. Newhouse, Fort Lauderdale, for appellants.
Ronald E. Solomon and Joseph C. Murphy, of Solomon, Murphy & Cote, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Although we believe the trial court erred in granting a motion in limine that had the effect of limiting appellants' claim for damages, we reluctantly conclude that such error was harmless in view of the jury's finding for the appellees on the issue of liability.
The record reflects that the appellant, Robert Rice, Jr., fell and injured his back and head at appellees' laundromat. Sometime later, and according to Rice because of dizziness from his head injury at the laundromat, Rice fell again and further injured his back. Later, the doctors had a difficult time determining which fall caused Rice's chronic back problems. The trial *560 court refused to let Rice offer proof that his second fall was caused by the head injury suffered in the first fall. This was clearly error.
In Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla.4th DCA 1982) we condemned the use of motions in limine to summarily dismiss a portion of a claim. That is precisely what occurred here by the use of an oral motion made without notice on the first day of trial. The trial court granted the motion because there was no specific allegation in the complaint stating that the second fall was caused by the first. We are unaware of such a requirement. Cf. Eli Witt Cigar & Tobacco Co. v. Matatics, 55 So.2d 549 (Fla. 1951). In addition, the record reflects that Rice claimed in deposition and other discovery taken two years before trial that the second fall was caused by the first, and that a pretrial stipulation was filed several months before trial specifically stating that Rice was claiming that the second fall was caused by the first. As in Dailey we caution trial courts not to allow "motions in limine" to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss.
ANSTEAD and GLICKSTEIN, JJ., and FEDER, RICHARD YALE, Associate Judge, concur.