530 So.2d 428 (1988)
Virginia Ann BROCK and Roger Allen Brock, Appellants,
v.
G.D. SEARLE & CO., Appellee.
No. 87-1781.
District Court of Appeal of Florida, First District.
August 30, 1988.
*429 Richard A. Kupfer, of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for appellants.
Alan C. Sundberg, A. Broaddus Livingston, and Sylvia H. Walbolt, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
C. Rufus Pennington, III, of Margol & Pennington, P.A., Jacksonville, for amicus curiae The Academy of Florida Trial Lawyers.
WIGGINTON, Judge.
Before us is a case presenting issues of monumental import and first impression involving an intrauterine copper contraceptive device manufactured and marketed by G.D. Searle & Co. known as the "Cu-7." The trial court entered an "Order and Final Judgment" finding that appellants' products liability action brought against Searle was controlled by comment k of the Restatement (Second) of Torts § 402A and, further, that the Food and Drug Administration's approval of Searle's marketing of the Cu-7 and the agency's conclusions as to the Cu-7's safety and efficacy, as tested and labeled, could not be collaterally attacked unless appellants were able to establish a prima facie case of fraud by Searle upon the FDA, which prima facie case appellants were unable to establish. Accordingly, the trial court concluded that the FDA's
... determination that the Cu-7, as tested and labeled, is safe for use establishes, as a matter of law, that the warning provided with the Cu-7 constitutes an adequate warning to the medical community of the risks and side effects of the Cu-7, as required under Comment K, and plaintiff's [sic] state law negligence and fraud claims are preempted as a matter of law by that federal law and regulation.[1]
Four points have been raised on appeal presenting substantial issues impacting the interpretation and application of comment k and the doctrine of implied federal preemption in areas governed by the Food and Drug Administration. We applaud the parties' excellent presentation of very complex and convoluted questions, however, by virtue of the significance of the trial court's findings, we are convinced that due to a prominent procedural error  one amplified by the immensity of the material proffered by the parties below and, a portion of it here, for the first time  we cannot in good judicial conscience simply wink at the issue raised by appellants under point I, and are constrained to reverse and remand the entire cause for further proceedings to allow appellants their day in court.
The procedural history of this case at its inception was unremarkable. Appellants sued Searle claiming that Searle negligently tested and manufactured the Cu-7, failed to properly label the Cu-7 so as to warn of possible pelvic infection, and committed fraud and misrepresentation on the Food and Drug Administration regarding the safety and efficacy of the Cu-7 in order to induce the FDA to approve the marketing of the product without requiring a more complete warning concerning pelvic infection. As a result, appellant Virginia Ann Brock, who had the Cu-7 medically inserted for purposes of family planning on January 4, 1982, developed pelvic inflammatory disease requiring her to undergo a complete and total hysterectomy on January 28, 1982.
The cause predictably proceeded through lengthy discovery and pretrial stipulation, with both parties agreeing that among the "fact issues to be litigated" was whether the Cu-7 was defective in design and whether the defendant was negligent or fraudulent in its testing and labeling of the *430 Cu-7. Nonetheless, one day prior to trial, conventionality gave way to an eleventh hour "Motion in Limine" filed by Searle seeking to preclude appellants from introducing certain evidence bearing on the adequacy of Searle's warnings concerning pelvic infection. Searle objected to the introduction of that evidence on grounds that the FDA's determination as to the safety of the Cu-7 and its approval of the adequacy of Searle's warnings could not be collaterally attacked unless appellants could show that the FDA's continued approval of the Cu-7 in January 1982 had been obtained or retained through fraud; absent such a proffer, any evidence purporting to show that the Cu-7 was unsafe or improperly labeled would be inadmissible as a matter of law.
Citing section 90.105(2),[2] Florida Statutes, Searle requested the trial court to exercise its discretion and require appellants to establish preliminarily that the FDA's approval was obtained by the fraudulent nondisclosure of material information by Searle to the FDA.
The trial court granted Searle's motion and required appellants to make a prima facie showing of Searle's alleged fraud. Appellants' evidence was proffered during a lengthy hearing, and legal argument was then presented on the issues of federal preemption and the applicability of comment k, section 402A of the Restatement (Second) of Torts.
The morning following the hearing, the trial court announced its findings as noted above and concluded that accepting appellants' evidence as true, they failed to establish a prima facie case of fraud by Searle upon the FDA.
During the hearing, appellants objected strenuously to the procedure used by Searle to bring before the court what was essentially a motion for final summary judgment based on a federal preemption argument. They pointed out that the case had been pending for a long time and that such a motion should have been filed much earlier. They also pointed out that Searle had pleaded the federal preemption issue as an affirmative defense three years earlier but then dropped it from the pretrial stipulation as an issue to be tried. Following the proffer, appellants' attorney reinforced their objection to the procedure on the basis that the court's ruling was tantamount to a summary judgment without Searle's complying with the 20-day notice requirement under the rules. Thus becomes the argument under point I of appellants' initial brief to the effect that the trial court erred by treating Searle's motion in limine as a motion for summary judgment, entering such without twenty days notice as required by rule 1.510, Florida Rules of Civil Procedure, and after the preemption defense had been dropped in the pretrial stipulation as an issue for trial. We agree.
It is reversible error for a trial court to grant summary judgment based on a motion which fails to comply with the 20-day notice requirement. Fruhmorgen v. Watson, 490 So.2d 1032 (Fla. 2d DCA 1986); Marlar v. Quincy State Bank, 463 So.2d 1233 (Fla. 1st DCA 1985); Parker v. Lower Florida Keys Hospital District, 432 So.2d 169 (Fla. 3d DCA 1983); Muncey v. Star Brite Distributors, Inc., 378 So.2d 1326 (Fla. 3d DCA 1980). Moreover, cases involving alleged fraud are ordinarily not to be determined by summary judgment as they almost invariably involve a jury question as to whether the complete facts and circumstances collectively demonstrate fraud. Elmore v. Vatrano, 485 So.2d 888 (Fla. 1st DCA 1986); accord, Richards v. Wax, 511 So.2d 433 (Fla. 2d DCA 1987).
As appellants point out, the fact that the motion was initially styled as a motion in limine did not affect the 20-day notice requirement if it is ultimately to be treated as a motion for summary judgment. *431 "[T]rial courts [should not] allow `motions in limine' to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss." Rice v. Kelly, 483 So.2d 559, 560 (Fla. 4th DCA 1986).
We also note that generally on a motion for summary judgment, it is the burden of the defendant to establish the absence of any genuine issue of material fact and not of the claimant to prove his cause of action. Heffernan v. Consolidated Aluminum, Inc., 387 So.2d 515 (Fla. 4th DCA 1980); Parker v. Lower Florida Keys Hospital District. Thus, the trial court also erred to the extent it shifted that burden by requiring appellants to proffer a prima facie case of fraud or else suffer an adverse summary judgment.
Finally, the fact that the federal preemption issue was not specifically listed in the pretrial stipulation as an issue for trial is yet another reason why the lower court erred in entering a summary judgment. Although we recognize that Searle had earlier pled preemption as an affirmative defense, and that there was no pretrial conference or pretrial order, the fact that the preemption issue was not listed in the pretrial stipulation three years later but foisted on appellants the day before trial renders the trial court's ruling highly prejudicial, effectively denying appellants their day in court.
In light of the fact that the trial court noted in its order that it would be "compelled to direct a verdict in favor of defendant at the close of the presentation of plaintiffs' evidence," and found that appellants' claims are preempted as a matter of law by federal law and regulation, appellee urges us to overlook any procedural error and proceed to a determination of the trial court's order on its merits. We can appreciate appellee's argument but consider the implications of the procedural issue too significant to rush resolution of the substantive issues. We feel such determination would be premature and potentially harmful where the proceedings leading to the trial court's ultimate findings and ruling were so grievously flawed.
Accordingly, we reverse the trial court's order and final judgment and remand the cause for further proceedings on appellants' claim.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] The "federal law and regulation" referenced by the trial court are 21 U.S.C. § 355 and 21 CFR § 310, et seq., respectively.
[2] Section 90.105(2) provides:

When the relevancy of evidence depends upon the existence of a preliminary fact, the court shall admit the proffered evidence when there is prima facie evidence sufficient to support a finding of the preliminary fact. If prima facie evidence is not introduced to support a finding of the preliminary fact, the court may admit the proffered evidence subject to the subsequent introduction of prima facie evidence of the preliminary fact.