GUNTHER, Judge.
We reverse the trial court’s order granting the Glinerts’ motion in limine, as well as the final judgment awarding $16,093.28 in damages to Buy-Low Save Centers, Inc. (Buy-Low). Buy-Low sued Donald Gli-nert, et al. (Glinerts), alleging nonpayment of a promissory note and acceleration of the principal balance of the note. At the time the complaint was filed, the Glinerts had made no payments on the note from May 11, 1982, to May 10, 1986. Prior to the non-jury trial, the Glinerts tendered the following offer of judgment which was accepted by Buy-Low:
In final and complete satisfaction of all claims in the above case, Defendants, ... hereby accept as to the promissory note dated February 11, 1980 a judgment against them for nonpayment on the promissory note including taxable cost. (Emphasis added).
Although the trial court entered a partial summary judgment finding that the offer of judgment was binding on the parties, a dispute arose as to the precise amount of damages due Buy-Low for the “nonpayment of the promissory note.”
Buy-Low maintains that the entire balance of the note is due, not just the payments due for May 11, 1982, to May 10, 1986. According to Buy-Low, the acceleration clause of the promissory note was activated and the balance of the note became due when the Glinerts sold the business which was the object of the note. As Buy-Low points out, the note specifically provided that the balance of the note would be due if the business was- sold. Thus, Buy-Low asserts that once the Glinerts *1284 sold the business, the failure to pay Buy-Low the balance of the note constituted “nonpayment” within the terms of the promissory note and within the language of the offer of judgment. The Glinerts disagree with Buy-Low’s interpretation and assert that “nonpayment of the promissory note” refers only to payments they fail to make during the period from May 11, 1982, to May 10, 1986.
Based on their interpretation, the Gli-nerts filed a motion in limine moving to exclude all evidence that the business had been sold on the theory that it was immaterial and irrelevant to the issue of what constituted “nonpayment of the promissory note.” The trial court agreed and granted the Glinerts’ motion in limine. We reverse.
In granting the motion in limine, the trial court erroneously ruled that the evidence of the sale of the business was immaterial and irrelevant to the issue of what constituted “nonpayment of the promissory note.” To the contrary, the evidence went to the heart of the issue of what was contemplated by “nonpayment” under the terms of the promissory note and the offer of judgment.
Furthermore, we agree with Buy-Low’s assertion that the trial court’s grant of the Glinerts’ motion in limine was tantamount to an improper summary judgment on the issue of how the damages owed by the Glinerts were to be calculated. Generally, the purpose of a motion in limine is to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial. Dailey v. Multicon Development, Inc., 417 So.2d 1106, 1107 (Fla. 4th DCA 1982). However, where the motion is used to do more than merely exclude irrelevant or improper prejudicial evidence, the use of the motion begins to become improper. Thus, the courts have held that “trial courts should not allow motions in limine to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss.” Brock v. G.D. Searle & Co., 530 So.2d 428, 431 (Fla. 1st DCA 1988); Rice v. Kelly, 483 So.2d 559, 560 (Fla. 4th DCA 1986); Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla. 4th DCA 1982).
In the instant case, the order granting the motion in limine precluded Buy-Low from presenting relevant and material evidence crucial to the damage issue of what constituted non-payment under the terms of the promissory note and the offer of judgment. Thus, the court’s ruling on the motion in limine was the equivalent of a summary judgment on the issue of damages. Because the motion was not filed in accordance with the terms of Florida Rule of Civil Procedure 1.510 on summary judgments, the court’s ruling must be reversed. Brock v. G.D. Searle & Co., 530 So.2d 428 (Fla. 1st DCA 1988).
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.