596 So.2d 95 (1992)
Thomas S. FOUTS, Appellant,
v.
James W. BOWLING, Appellee.
No. 91-980.
District Court of Appeal of Florida, Third District.
March 10, 1992.
Rehearing Denied May 5, 1992.
C. Randolph Coleman, Jacksonville, for appellant.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellee.
Before BARKDULL, BASKIN and GERSTEN, JJ.
PER CURIAM.
Thomas Fouts appeals a final judgment in favor of defendant James Bowling entered in a legal malpractice action. We reverse.
When counsel for both parties appeared for trial, the trial court conducted a hearing on several motions in limine filed by plaintiff seeking rulings on the admissibility of certain damage evidence. Neither party had filed a motion for summary judgment. The court ruled on one motion and requested legal memoranda on several issues. After considering the memoranda, the trial court entered final summary judgment in defendant's favor.
The trial court's failure to provide appropriate notice renders improper the entry of summary judgment regardless of whether the trial court considered the "motion for summary judgment" on its own motion or at the instigation of defense counsel. Fruhmorgen v. Watson, 490 So.2d 1032 (Fla.2d DCA 1986); Fla.R.Civ.P. 1.510(c). E.g., Gildred v. Alverde, 500 So.2d 307 (Fla.3d DCA 1986); Muncey v. Star Brite Distributors, Inc., 378 So.2d 1326, 1327 (Fla.3d DCA 1980); Moseley v. Bi-Lo Supermarket, Inc., 341 So.2d 222 (Fla.3d DCA 1976); see Barnett Bank v. All Tech, Inc., 588 So.2d 680 (Fla.3d DCA 1991); Epic Metals Corp. v. Samari Lake East Condominium Ass'n, Inc., 547 So.2d 198 (Fla.3d DCA 1989). The hearing on plaintiff's motion in limine may not serve as a vehicle for presentation of an unnoticed motion for summary judgment.[1]See Buy-Low Save Centers, Inc. v. Glinert, 547 So.2d 1283, 1284 (Fla.4th DCA 1989); Brock v. G.D. Searle & Co., 530 So.2d 428, 430-431 (Fla.1st DCA 1988); Rice v. Kelly, 483 So.2d 559, 560 (Fla.4th DCA 1986); Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla.4th DCA 1982)); see also Lombard v. Executive Elevator Serv., 545 So.2d 453 *96 (Fla.3d DCA 1989). We therefore reverse the final judgment.[2]
Reversed and remanded.
NOTES
[1] Plaintiff did not agree to or invite this procedure. See Whitney v. Brown, 588 So.2d 681 (Fla.3d DCA 1991); White v. Soni, 550 So.2d 75 (Fla.3d DCA 1989).
[2] If this cause survives a proper summary judgment motion, Fouts will be entitled to a jury trial. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563-568, 110 S.Ct. 1339, 1344-1346, 108 L.Ed.2d 519, 526-530 (1990); Woods v. Dunlop Tire Corp., 673 F. Supp. 117, 120 (W.D.N.Y. 1987); e.g., Fogel v. Mirmelli, 413 So.2d 1204 (Fla.3d DCA 1982).