QUINCE, Judge.
David Wizikowski (Wizikowski) appeals the trial court’s entry of a summary judgment in favor of Hillsborough County (the County). We reverse because the County did not give notice of hearing pursuant to Florida Rule of Civil Procedure 1.510(c).
Appellee, Richard Ake, Clerk of the Circuit Court in Hillsborough County, sold certain real property in Hillsborough County at a tax deed sale. The records disclosed that Wizikowski and the County may have an interest in the proceeds from the sale. They were notified of both the sale and the procedures to follow to claim an interest in the proceeds. Both responded and claimed the entire proceeds. Richard Ake filed a complaint for interpleader setting forth the amount of proceeds, the claims made against the proceeds, and requesting the court to require the claimants to litigate against each other. Wizikowski and the County answered the complaint, and Wizikowski filed a cross-claim against the County. The County answered the cross-claim, denying all allegations adverse to its interest.
The interpleader was ordered by the trial court, and normal discovery was undertaken by the parties. On February 4, 1994, Wizi-kowski filed a motion for summary judgment with supporting documents and affidavits. A hearing on this motion was scheduled for March 30, 1994, and notice of the hearing was served on the parties on February 22, 1994. On March 14, 1994, the County filed a motion for summary judgment without supporting documents or affidavits. No notice of hearing on this motion was ever served. At the hearing on March 30, 1994, the trial court granted the County’s motion for summary judgment.
Florida Rule of Civil Procedure 1.510(c) requires a motion for summary judgment to be filed at least twenty days prior to *1224 the time fixed for the hearing on the motion. In the instant case, no time was ever fixed for a hearing on the County’s motion. Thus, it was error for the trial court to hear and determine the County’s motion without giving Wizikowski the required twenty day notice. See Lazar v. Allen, 347 So.2d 457 (Fla. 2d DCA 1977); Norton v. Gibson, 532 So.2d 1325 (Fla. 1st DCA 1988); Fouts v. Bowling, 596 So.2d 95 (Fla. 3d DCA), rev. denied, 606 So.2d 1164 (Fla.1992).
The County argues a trial court may enter summary judgment in favor of a party opposing a summary judgment even when no cross-motion for summary judgment has been filed. Southeast Bank v. Sapp, 554 So.2d 1193 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 1087 (Fla.1990). However, this is not a generally accepted practice, especially in a case where there are a number of issues to be resolved. University of Miami v. Sosa, 629 So.2d 172 (Fla. 3d DCA 1993).
There were a number of issues raised by the County’s summary judgment motion. Wizikowski did not have the opportunity to oppose the motion within five days of the hearing because notice of hearing was never served. Additionally, he argued at the March 30th hearing that he was not prepared to make his arguments in opposition to the motion. Under these circumstances, it was error for the trial court to grant the County’s motion for summary judgment.
We reverse and remand to the trial court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and THREADGILL, J., concur.