697 So.2d 545 (1997)
E & I, INC., Appellant,
v.
EXCAVATORS, INC., a Florida corporation, Appellee.
No. 96-2479.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Rehearing and Rehearing Denied August 21, 1997.
*546 Eugene S. Garrett, Boca Raton, for appellant.
Kenneth G. Stevens, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied August 21, 1997.
KLEIN, Judge.
This appeal is from a summary judgment entered pursuant to a motion which gave the appellant only nine days notice of the summary judgment hearing. We affirm because no objection was made to the insufficient notice in the trial court.
Appellant E & I, Inc. executed a $300,000 mortgage on raw land, which was assigned to appellee. Another company related to appellee entered into an agreement with appellant to develop the land and divide the proceeds of sales of lots. After some of the property was developed and sold for $650,000, the progress of the development stalled, and the mortgage went into default. The pleadings raise a dispute as to whether the proceeds of the first sale were to be applied to the mortgage.
In the foreclosure proceeding the borrower's attorney withdrew, and the borrower failed to respond to requests for admissions. The lender then filed a motion for summary judgment, setting a hearing nine days after service of the motion.
The court granted the motion for summary judgment and entered a final judgment of foreclosure. The borrower then retained its present counsel who moved for rehearing and argued that the failure to respond to the request for admissions was inadvertent. He made no argument regarding the fact that the notice of the motion for summary judgment was insufficient under Florida Rule of Civil Procedure 1.510(c), which requires twenty days notice. The court denied the motion for rehearing and the borrower appeals, raising the insufficient notice.
It is well settled that it is reversible error to grant a summary judgment pursuant to a motion which has not been served within the 20-day notice required by rule 1.510(c). See Wizikowski v. Hillsborough County, 651 So.2d 1223 (Fla. 2d DCA 1995); Norton v. Gibson, 532 So.2d 1325 (Fla. 1st DCA 1988); Brock v. G.D. Searle & Co., 530 So.2d 428 (Fla. 1st DCA 1988); Parker v. Lower Florida Keys Hosp. Dist., 432 So.2d 169 (Fla. 3d DCA 1983). In each of these cases, however, there was an objection.
In Vandyk v. Southside Gun, Inc., 638 So.2d 138 (Fla. 1st DCA 1994), the first district reversed the granting of a motion for summary judgment, but noted that there was no objection to the insufficient notice raised in the trial court and specifically grounded its reversal on a reason other than insufficient notice. We conclude that where, as in the present case, there was no objection to the insufficient notice prior to the hearing, at the hearing, nor in the motion for rehearing, the issue has been waived.
The borrower's failure to object to notice in the court below does not preclude it from arguing whether the summary judgment *547 was proper on the merits. The borrower raised six affirmative defenses involving the business venture between the parties to the mortgage and the related company, and filed a lengthy affidavit by the borrower's president attempting to show misappropriation of the proceeds of sales by the lender. The borrower, however, has made no effort in its brief to explain whether the lender carried its burden of demonstrating that there were no issues of fact in regard to the affirmative defenses. The borrower merely says that "genuine issues of material fact existed as to the allegations of the complaint, the affirmative defenses, and the compulsory counterclaim." Under these circumstances we do not deem it our responsibility to sift through the pleadings and affidavits to determine whether there are material issues of fact.
The appellant has the burden of making "any reversible error clearly, definitely, and fully appear." Strate v. Strate, 328 So.2d 29, 30 (Fla. 3d DCA), cert. denied, 336 So.2d 1184 (Fla.1976). The borrower has not demonstrated any error here, and we therefore affirm.
WARNER and SHAHOOD, JJ., concur.