PER CURIAM.
Helm Bank sued to foreclose a mortgage contending that appellant Jose Tacher stopped making payments after June, 2008. Tacher filed a 19 paragraph laundry list of affirmative defenses; some are legally insufficient on their face and others state general legal conclusions without any facts. The bank moved for summary judgment and its motion was accompanied by an affidavit. It also filed the original of the note, showing that it was the payee when the loan was made. Tacher filed no counter affidavit. The circuit court entered a summary final judgment. Tacher filed a one-and-one-half page motion for rehearing contending only that each of his affirmative defenses had not been “conclusively refuted on the record.” The circuit court denied the motion.
The legal argument in Tacher’s short brief does nothing more than generally state that affirmative defenses were not refuted and that genuine issues of material *1240 fact remain. Plainly, the bank’s affidavit disproves the affirmative defenses of payment, tender, and accord and satisfaction. On its face, the note is not unconscionable. The brief does not specifically discuss a single affirmative defense, nor does it describe what issues of fact need to be tried. It is not the responsibility of an appellate court to make an appellant’s arguments for him, “to sift through the pleadings and affidavits to determine whether there are material issues of fact.” E & I, Inc. v. Excavators, Inc., 697 So.2d 545, 547 (Fla. 4th DCA 1997). Tacher has not carried his “burden of making ‘any reversible error clearly, definitely, and fully appear.’ ” Id. (quoting Strate v. Strate, 328 So.2d 29, 30 (Fla. 3d DCA), cert. denied, 336 So.2d 1184 (Fla.1976)).

Affirmed.

GROSS, C.J., MAY and DAMOORGIAN, JJ., concur.