PER CURIAM.
We affirm in part the summary final judgment of foreclosure. The record demonstrates that appellee tendered the original promissory note to the trial court, which contained a special indorsement in its favor. See Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1106-07 (Fla. 4th DCA 2010); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010); Jacobs v. Becks, 355 So.2d 1241, 1242 (Fla. 1st DCA 1978). As to the defense of unclean hands, no fact in the record and nothing in the briefing supports that defense. See Tacher v. Helm Bank, 50 So.3d 1239 (Fla. 4th DCA 2011); S. Waste Sys., LLC v. J & A Transfer, Inc., 879 So.2d 86, 87 (Fla. 4th DCA 2004). We reverse the award of $4,685.50 in attorney’s fees because appellee’s affidavit stated that $887 was a reasonable fee, creating an issue of fact as to the amount to be awarded. We also reverse the award of $14,120.08 in interest, which was greater than the $5,897.20 specified in the affidavit of indebtedness; the interest rate was variable, and the variation was a matter of proof.

Affirmed in part, reversed in part, and remanded.

STEVENSON, GROSS and GERBER, JJ., concur.