# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-936
Lower Tribunal No. 11-43840
_____

**Antonio Otero,**
Appellant,

vs.

**Gilberto Gomez, III,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Maria L. Rubio, P.A., and Maria L. Rubio, for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole, for appellee.

Before ROTHENBERG, FERNANDEZ, and SCALES, JJ.

PER CURIAM.

Appellant, Antonio Otero, Plaintiff below, appeals from the trial court's

March 13, 2013, Order Granting Defendant's Motion in Limine and Amendment to

Motion in Limine, and March 26, 2013, Final Judgment. Because the trial court effectively granted Defendant-Appellee Gilberto Gomez, III's (Gomez) untimely motion for summary judgment, we reverse and remand for further proceedings.

## I.    Facts

In December 2011, Otero filed a complaint for injuries he sustained after being hit by a car[1] while riding his bicycle. Otero rode along a sidewalk and into a crosswalk when he was hit by a car pulling into the intersection. Otero alleged that his view of oncoming traffic was obstructed by a wall, which had, years before, been constructed on Gomez's property.

The wall was built by the developer of the area and then altered without permits by the prior owner. Otero contended the wall constituted a dangerous condition and that Gomez was negligent for either creating the condition or allowing the condition to exist.

Otero sought to introduce the expert witness testimony of Richard E. Cabrera. Cabrera was going to testify at trial that the wall on Gomez's property obstructed a "sight triangle," and that the wall's obstruction of drivers' lines-of-sight violated certain county ordinances and Florida Department of Transportation (FDOT) standards.

---

[1] The driver is a nonparty.

2

On February 15, 2013, Gomez timely filed a motion in limine to exclude Cabrera's testimony. Gomez argued that any evidence concerning county ordinances, "sight triangles," and property violations, was not relevant because Gomez owed no duty to Otero under Williams v. Davis, 974 So. 2d 1052 (Fla. 2007).[2]

Four days after filing his motion in limine—on February 19, 2013—Gomez filed a motion for summary judgment, again relying on Williams. Gomez argued that, because the wall on his property did not extend into the public right-of-way, he owed no duty to Otero, and, therefore, could not be liable as a matter of law. The record is devoid of any notice of hearing on the motion for summary judgment.

---

[2] In Williams, the Florida Supreme Court considered whether the foreseeable zone of risk analysis espoused in McCain v. Florida Power Corp., 593 So. 2d 500 (Fla. 1992), applies to private owners of residential property. Specifically, the Williams court concluded that a private landowner owes no duty to a motorist for torts arising from foliage located wholly within the bounds of the landowner's property. Williams held:

> [W]hile the McCain foreseeable zone of risk analysis applies, we conclude that under that analysis owners of private property do not owe a duty to motorists on abutting roadways as to the maintenance of foliage located wholly within the bounds of the property. We do recognize, however, that all property owners owe a duty, under a McCain analysis, not to permit the growth of foliage on their property to extend outside the bounds of the property and into the public right-of-way so as to interfere with a motorist's ability to safely travel on the adjacent roadway.

Id. at 1054.

3

During the pretrial conference on February 21, the trial court informed Gomez that his motion for summary judgment would not be heard before trial.[3]

On February 27, only days before the commencement of trial, Gomez amended his previously-filed motion in limine. The amended motion sought an order excluding the introduction of any evidence regarding FDOT design standards and contained the same arguments as did the motion for summary judgment. Essentially, Gomez argued he owed no duty to Otero and could not "be liable as a matter of law, for an alleged obstruction which exists entirely on his property and does not protrude into the public right-of-way."

Prior to the trial commencing, on March 5, the trial court heard the parties' pretrial motions, including Gomez's motion in limine and Gomez's amended motion in limine. Gomez's counsel argued that, because the wall at issue was entirely within the boundaries of Gomez's property, Gomez owed no duty to Otero. Notably, while Gomez's counsel sought to have the case dismissed by the trial court at the "motion in limine stage," neither of Gomez's motions in limine requested, as relief, that the case be dismissed; the motions merely sought orders excluding evidence which Gomez argued was not relevant.

---

[3] The trial court stated, "We should have had this already heard a long time ago. You know, a motion to dismiss or a motion for summary judgment."

4

Indeed, on several occasions, the trial court queried, "Shouldn't this be a motion for directed verdict?"  At the conclusion of the hearing, the trial court reserved ruling on Gomez's motions in limine and voir dire began.

The following morning, on March 6, the trial court announced, "I'm ready to rule on the motion in limine on the issue of duty."  It proceeded:

> After reading <u>Williams</u> . . . I find that there is no duty on behalf of the homeowner to the public when the property — when the wall is in his property, within his boundaries.  I don't want to make that ruling, but in good conscience, I have no choice.
>
> Your motion is granted.

Gomez's counsel then moved, ore tenus,[4] to dismiss the complaint, and the trial court granted the motion and cancelled the trial.  On March 13, the trial court entered an order granting Gomez's motions in limine.  Subsequently, a final judgment was entered March 26, in favor of Gomez.  This appeal followed.

## II.    Analysis

The issue before us is whether the trial court erred in effectively granting a motion for summary judgment under the guise of a motion in limine.

Pursuant to Florida Rule of Civil Procedure 1.510(c), a party moving for summary judgment must serve its motion on the adverse party at least twenty days prior to the time specified for the hearing on the summary judgment motion.

---

[4] The trial court stated, "Motion is granted, but I'd really rather have it in writing in an order."

The record reflects Gomez filed his motion for summary judgment on February 19, fourteen days prior to the March 5 commencement of trial when the trial court essentially conducted the unnoticed hearing on Gomez's summary judgment motion. Gomez violated the requisites of Rule 1.510(c) by failing to notice and set the motion for hearing at least twenty days after the filing of the summary judgment motion. See Brock v. G.D. Searle & Co., 530 So. 2d 428, 430 (Fla. 1st DCA 1988) ("It is reversible error for a trial court to grant summary judgment based on a motion which fails to comply with the 20-day notice requirement.").

As additional grounds for reversal, we note that it is well settled that a hearing on a motion in limine "may not serve as a vehicle for presentation of an unnoticed motion for summary judgment." Fouts v. Bowling, 596 So. 2d 95, 95 (Fla. 3d DCA 1992); see also Connell v. Cap. City Partners, LLC, 932 So. 2d 442, 444 (Fla. 3d DCA 2006); Wizikowski v. Hillsborough Cnty., 651 So. 2d 1223 (Fla. 2d DCA 1995).

Also, it is well settled that a court is without authority to grant relief not requested by a party in the pleading. See Bank of N.Y. Mellon v. Reyes, 126 So. 3d 304, 309 (Fla. 3d DCA 2013) (stating courts are unauthorized to grant relief not requested in the pleadings). The trial court dismissed Otero's case on the merits despite neither motion in limine requesting such relief.

6

Because Gomez's motion in limine was used as a vehicle to grant summary judgment without affording Otero the required notice, the final judgment entered by the trial court must be reversed.  See Brock, 530 So. 2d at 430 (holding that such a ruling constitutes reversible error); Connell, 932 So. 2d at 444 ("[T]he granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process.").

We reverse and remand the case for further proceedings.[5]

---

[5] We express no opinion as to the merits of Gomez's summary judgment motion.