# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0486
Lower Tribunal No. 18-34686
_____

**8425 Biscayne LLC,**
Appellant,

vs.

**Pinnacle Towers LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Ballaga, Freedman & Atkins, LLP, and Leonard C. Atkins IV, for appellant.

Gunster, Yoakley & Stewart, P.A., and Jack J. Aiello, and Christopher P. Benvenuto (West Palm Beach), for appellee.

Before LINDSEY, GORDO, and BOKOR, JJ.

LINDSEY, J.

Appellant 8425 Biscayne LLC (plaintiff below) appeals the trial court's order entering final summary judgment in favor of Appellee, Pinnacle Towers LLC (defendant below). We affirm.

8425 Biscayne owns property on Biscayne Boulevard, and Pinnacle operates a cellular communication tower on a portion of that property. In 2000, 8425 Biscayne's predecessor in interest, TNA Palms, Inc., entered into an agreement with Pinnacle to burden the property. Paragraph 14 of the agreement provides:

> 14. <u>Signal Blockage and/or Transmission Interruption</u>. [Pinnacle] is utilizing the Easement Property for the purpose of transmitting and receiving telecommunication signals to and from the Easement Property. [Pinnacle] and [TNA] recognize that the purpose behind the Easement would be frustrated if the telecommunication signals were partially or totally blocked or if an obstruction were built that would cause interference with such transmission. [TNA], its successors and assigns, shall use its best efforts to prevent the occurrence of any of the foregoing upon or within any property owned by, or otherwise under the control of [TNA], and shall promptly undertake any remedial action necessary to do so.

Even though the agreement was properly recorded, 8425 Biscayne claims it only realized that the property was burdened in 2018 after two prospective buyers backed out of the sale upon discovering paragraph 14 of the agreement.

As a result, 8425 Biscayne filed the underlying action for quiet tile and declaratory relief seeking to declare paragraph 14 "vague, indefinite, and

2

unenforceable." It subsequently moved for summary judgment based on the agreement's language. Pinnacle filed a response and included a cross-motion for summary judgment arguing that paragraph 14, despite its drafting, was an enforceable restrictive covenant. After a hearing, the trial court agreed and granted final summary judgment for Pinnacle. 8425 Biscayne timely appealed.

This Court reviews an order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). 8425 Biscayne makes three arguments on appeal. Each is addressed in turn.

First, 8425 Biscayne argues, as it did below, that paragraph 14 is an unreasonable *easement*. We disagree. Paragraph 14 provides that 8425 Biscayne will use its best efforts to prevent interference with Pinnacle's telecommunication signals. This is plainly a restrictive covenant because it limits what 8425 Biscayne may do with its property. See 20 Fla. Jur. 2d Easements § 5 (2021 ed.) ("The distinction between an easement and a restrictive covenant is that an easement allows its holder to go upon the land possessed by another, and a covenant imposes upon the possessor restrictions on how he or she may use the land.").

3

Second, 8425 Biscayne now argues that there is a genuine issue of material fact as to whether the "easement" is reasonable.  But this was an action for declaratory relief, not enforcement.  A factual issue will only arise if and when Pinnacle chooses to enforce the covenant.  See Robertson v. Countryside PUD Residential Homeowners, 751 So. 2d 674, 677 (Fla. 5th DCA 2000) ("The enforcement of restrictive covenants cannot be unreasonable or arbitrary.").

Lastly, 8425 Biscayne argues that the trial court erred in granting final summary judgment in Pinnacle's favor because its cross-motion was not noticed for hearing and therefore resulted in an ambush.  We disagree for two reasons.  First, 8425 Biscayne's motion for summary judgment *was* noticed for hearing.  See Fla. R. Civ. P. 1.510(b).  Second, Pinnacle's cross-motion filed in response to 8425 Biscayne's motion did not raise additional issues requiring resolution.  Cf. Wizikowski v. Hillsborough County, 651 So. 2d 1223, 1224 (Fla. 2d DCA 1995) (reversing entry of summary judgment in favor of Hillsborough County where its cross-motion was not noticed for hearing and the motion raised additional issues that needed to be resolved).

Affirmed.

4