# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2550
Lower Tribunal No. 20-CA-004775

_____

REINALDO REINA, JR.,

Appellant,

v.

WILLIAM JOSEPH KLISIVITCH,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Joseph C. Fuller, Jr., Judge.

August 15, 2025

MIZE, J.

Appellant, Reinaldo Reina, Jr. ("Reina"), the plaintiff below, appeals the final judgment entered in his auto negligence case after a jury trial. Reina argues that the trial court erred when it granted a motion in limine made by Appellee, William Joseph Klisivitch ("Klisivitch"), to exclude evidence of Reina's alleged back injury. The trial court based its exclusionary ruling on its conclusion that Reina voluntarily dismissed his claim for damages for the back injury while testifying at trial. Reina asserts that this conclusion was incorrect and that he did not dismiss his claim for

damages for his back injury during his trial testimony.  We agree that Reina did not dismiss his back injury claim and, as a result, find that it was error to exclude evidence of the back injury claim.  Accordingly, we reverse.

### Background and Procedural History

Reina and Klisivitch were involved in a car accident.  After the accident, Reina went to the emergency room.  While there, he complained of generalized pain in the top of his body, including his ribs, back, and chest.  Once released, Reina began treatment with a chiropractor, but he was eventually referred to a neurosurgeon, Dr. Santiago De Jesus Figueroa ("Dr. Figueroa").  On his first visit with Dr. Figueroa, Reina complained of back pain, leg pain, leg cramping, muscle spasms, limited range of motion, and numbness and tingling.  Dr. Figueroa conducted various physical tests on Reina and reviewed MRIs of Reina's cervical spine (neck) and lumbar spine (back).  On the cervical spine images, Dr. Figueroa found significant disc herniation and a bulging disc, for which he recommended surgery.  On the lumbar spine images, Dr. Figueroa found a herniation, bulges, and a lateral tear, for which he recommended injections.  Reina underwent the surgery and received the injections, both on the same day.

Reina filed a complaint against Klisivitch asserting a single count for negligence.  At the trial, Dr. Figueroa testified to a reasonable degree of medical certainty that Reina sustained injuries to his back and neck and that both were caused

2

by the car accident with Klisivitch. During Reina's testimony, Reina testified that after the accident, he felt pain in his ribs and the top of his body. He then said that when his test results came back, the injury was to his neck area. When asked if he experienced pain or injury to his lower back, he said, "No." He then corrected himself and said, "I was feeling pain, but they told me that it was my neck area that was – where the pain was like, coming out of." When again asked if he had pain in his back, he responded that he had pain in his whole body. On cross examination, when asked whether he had localized pain in his neck or back specifically on the day of the accident, Reina said, "At the – at the moment, like I said, I was just in pain." Then, Klisivitch's counsel asked Reina, "I want to be clear. So the only injury that you're claiming as part – as a result of a 2019 accident is neck – a neck injury, right?" Reina responded, "Yes. But those are all side effects." On redirect examination, Reina clarified that he did complain about pain in his back when he went to the emergency room. He stated that he was in pain from his head to his waist.

After Reina rested his case, Klisivitch's counsel made an oral motion in limine to exclude all evidence related to Reina's back injury on the ground that Reina withdrew his claim for the back injury during his testimony. Klisivitch's counsel stated:

> Your Honor, I guess this is more of a motion in limine going forward. But we heard testimony specifically from the plaintiff during cross examination that his neck is the only injury he's claiming from this accident. So I would ask for an instruction limiting any further

3

comments on his back, or asking the jury to find that the back pain, that was mentioned by Plaintiff's Counsel is related, when the plaintiff himself told us that he's not making that claim today.

. . . .

I believe that the testimony from the plaintiff was even though his attorney asked him several times and actually intended to lead him to say you did sustain back injuries from this accident, he said in response to every one of those questions, "My neck." Then [defense counsel] asked him on cross examination, "I just want to be clear, the only injury that you're claiming from this accident is your neck?" He said, "Yes, and the associated issues," which he was referring to the dizziness and the fainting that he's claiming. Nothing to do with the back.

In opposing the motion, Reina's counsel argued that Reina was not a medical professional that could be expected to speak with precision, and that Reina sufficiently articulated that he suffered a back injury. Moreover, Dr. Figueroa also specifically testified that Reina sustained a back injury that was caused by the car accident. After hearing the arguments, the trial court granted the motion in limine.

The next day of the trial, Reina's counsel asked the trial court to "be heard on the directed verdict lumbar issue from yesterday," in reference to the motion in limine made by Klisivitch's counsel and granted by the trial court the day before. Reina's counsel again argued that there was enough evidence concerning the back injury for it to go to the jury because Dr. Figueroa testified that Reina suffered a back injury that resulted from the car accident, Reina gave testimony regarding the back injury, and there were also MRI documents and medical bills received into evidence related to the back injury. The trial court asked Reina's counsel whether

4

Dr. Figueroa did the lumbar injections, to which counsel responded affirmatively. In response, Klisivitch's counsel again argued that Reina "took the stand and withdrew that [back injury] claim" during cross-examination. He also argued that the jury should be instructed to disregard the already-entered evidence of the back injury.

Upon hearing the arguments of counsel, the trial court initially retracted its prior ruling from the day before and stated, "I'll tell you what I'm going to do. I'm going to reconsider my ruling from yesterday and I'm going to allow that to stay in, okay?" However, Klisivitch's counsel then argued that the parties had already redacted evidence concerning the back injury, stating:

> Judge, the problem that we have now is based on the Court's ruling, we redacted all of the evidence from [a doctor's deposition] video that we showed yesterday that related to his evaluation of the lumbar spine. We've redacted all of the evidence from [another doctor] who reviewed the lumbar spine MRI.

The trial court responded, "I guess we're kind of locked in then," and Klisivitch's counsel continued:

> I think we are. I – and the reality is, Your Honor, the plaintiff said on the stand that he is not claiming back pain as a result of this accident. And whether or not Dr. Figueroa, as the litigation doctor that he is, decided to attribute an MRI to this accident, doesn't change the fact that the plaintiff withdrew it.

In response, Reina's counsel argued strenuously that Reina did not withdraw his claim for the back injury, that Reina was simply nervous and inarticulate when

5

he testified, and that Reina had presented sufficient evidence of the back injury claim for the claim to go to the jury. Reina's counsel stated:

> He didn't withdraw a claim. He didn't say, I withdrew my claim. He was nervous on the stand, I think we all saw that. He answered to the best of his ability, but he's not the only witness that I'm entitled to put on. If this were a different case and he had a TBI and he couldn't testify on his own behalf, the doctor's testimony would be sufficient. They don't have to put the plaintiff on. So I think the reversal of that ruling was correct, and the fact that we are struggling with the evidence in light of the ruling, shows that perhaps the directed verdict was not appropriate because there is evidence showing that this lumbar injury was related, whether he can articulate it well or not. And certainly, Defense is welcome to talk about his testimony to the jury, and welcome to say that they don't believe he testified well, or he didn't articulate it well, but that doesn't change the fact that there is a doctor, an expert, who related this within a reasonable degree of medical certainty to the car crash we're here about today.

After hearing the arguments from both parties, the trial court reaffirmed its ruling that evidence of Reina's back injury would be excluded. The trial court stated:

> I'll stay with the ruling I made yesterday then, okay? I'm not going to instruct the jury anything. It is a matter of argument for you guys, okay? And then the bills for the lumbar aspects are not going to come in.
>
> . . . .
>
> Yeah, I think, you know, regardless of the doctor's testimony, if the plaintiff testified that way, he withdrew his claim for that, so – and whether that was error, or nervousness, or whatever, it is what it is, so we'll leave it at that, okay?

In sum, the trial court granted the motion in limine, later also referred to by the parties as a motion for directed verdict, on the ground that Reina withdrew his claim for the back injury. The trial court did not grant the motion on the ground that,

6

applying the directed verdict standard, there was insufficient evidence for the back injury claim to be decided by the jury.

During closing arguments, Reina's counsel discussed Reina's back pain. The trial court did not instruct the jury to disregard any testimony concerning the back injury. However, other than the testimony already heard by the jury prior to the trial court granting the motion in limine, all the evidence concerning the back injury was redacted or excluded, including Reina's medical bills pertaining to his back injury.

The jury returned a verdict finding Reina to be 20% at fault and Klisivitch to be 80% at fault for the accident. The jury determined that the amount of damages for the medical care that Reina obtained as a result of the accident was $2,944.00. The jury also found that Reina did not sustain a permanent injury from the accident. The verdict form stated that if the jury did not find a permanent injury, it was to skip the past and future non-economic damages section. Since the jury found that Reina did not sustain a permanent injury, the jury did not award damages for any non-economic damages. Due to post-trial offsets applied to the jury's verdict, the jury verdict resulted in the trial court entering a final judgment in favor of Klisivitch.

Following entry of the final judgment, Reina timely appealed. On appeal, Reina argues that the trial court erred by essentially granting directed verdict on his back injury claim through its grant of the motion in limine.[1]

## Analysis

### I. Reina did not dismiss his back injury claim.

As a preliminary matter, Reina did not dismiss his back injury claim. A plaintiff's right to voluntarily dismiss claims is governed by Florida Rule of Civil Procedure 1.420(a)(1). *Pino v. Bank of N.Y.*, 121 So. 3d 23, 31 (Fla. 2013). Rule 1.420(a)(1) states:

> Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or *any part of an action or claim may be dismissed by plaintiff without order of court* (A) before trial by serving, or *during trial by stating on the record*, *a notice of dismissal* at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, *before retirement of the jury in a case tried before a jury* or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.

(Emphasis added).

---

[1] After entry of the final judgment, Reina filed a motion for new trial, which the trial court denied. Reina also argues on appeal that the trial court erred by denying his motion for new trial. Because we reverse the final judgment based on the trial court's error in granting the motion in limine, Reina's argument concerning the motion for new trial is moot.

Nothing in Reina's testimony constituted a "notice of dismissal". Klisivitch argues that Reina dismissed his back injury claim in the following cross-examination response:

> Q: I want to be clear. So the only injury that you're claiming as part – as a result of a 2019 accident is neck – a neck injury, right?
>
> A: Yes. But those are all side effects.

However this testimony might be interpreted by a trier of fact adjudicating the merits of Reina's claim, this testimony did not constitute a "notice of dismissal" under Rule 1.420(a)(1).[2] At no time during his testimony did Reina state that he was dismissing or withdrawing any portion of his claim or that he was giving notice of the dismissal of any portion of his claim.[3] This testimony did not satisfy the requirement of "stating on the record . . . a notice of dismissal" under Rule 1.420(a)(1).[4]

---

[2] As noted above, Reina asserts that he was simply confused about the source of his back pain and believed that the back pain he was experiencing was emanating from his neck injury.

[3] This court has been unable to locate any case in Florida in which a plaintiff's statement in response to a question on cross-examination was found to be a voluntary dismissal under Rule 1.420(a)(1).

[4] Since Reina's testimony did not constitute a notice of dismissal under Rule 1.420, we need not and do not decide whether a party represented by an attorney can personally orally state a notice of dismissal of his claims during trial.

**II.** **The trial court erred by granting the motion in limine.**

Because Reina did not dismiss his back injury claim, the trial court erred by granting the motion in limine and excluding evidence concerning the claim. "Generally, the purpose of a motion in limine is to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial." *Buy-Low Save Ctrs., Inc. v. Glinert*, 547 So. 2d 1283, 1284 (Fla. 4th DCA 1989) (citing *Dailey v. Multicon Dev., Inc.*, 417 So. 2d 1106, 1107 (Fla. 4th DCA 1982)). "[W]here the motion is used to do more than merely exclude irrelevant or improper prejudicial evidence, the use of the motion begins to become improper." *Buy-Low Save Ctrs.*, 547 So. 2d at 1284. Thus, "trial courts should not allow motions in limine to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss." *Id.* (quoting *Brock v. G.D. Searle & Co.*, 530 So. 2d 428, 431 (Fla. 1st DCA 1988)); *see also Rice v. Kelly*, 483 So. 2d 559, 560 (Fla. 4th DCA 1986) (reversing an order granting an oral motion in limine that was used to summarily dismiss a portion of the plaintiff's claim and stating, "we caution trial courts not to allow 'motions in limine' to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss."); *Dailey*, 417 So. 2d at 1107-08 (reversing an order granting an oral motion in limine that "was used for more than its purpose of merely excluding irrelevant or improper prejudicial evidence" and "attempted to summarily dismiss a portion of [the plaintiff's] case.").

10

Evidence of Reina's back injury was not irrelevant or improper. Since Reina's back injury claim was pending before the trial court and at issue in the trial, the trial court erred by granting a motion in limine that excluded relevant and otherwise admissible evidence concerning the back injury. And in doing so, the trial court allowed an oral motion in limine to be used as an unwritten and unnoticed dispositive motion to dispose of Reina's claim for his back injury.

## III. The trial court's error was not harmless.

The test for determining harmless error in civil appeals is as follows:

> To test for harmless error, the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict.

*Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014).

In this case, Klisivitch argues, among other things, that even if the trial court erred in granting the motion in limine, the error was harmless because the trial court did not instruct the jury that it should award no damages for Reina's back injury.[5]

---

[5] Klisivitch also argues that Reina's request for damages from medical bills was reduced by only $12,595 as a result of the trial court excluding the medical bills for his back injury, and that this amount was less than the amount of post-trial offsets that would have been applied had the verdict included an additional $12,595 in damages. Thus, Klisivitch argues, even if the jury had awarded Reina the additional $12,595 in damages for medical bills, the resulting final judgment would have been the same – a final judgment in favor of Klisivitch. However, even if the effect on the final judgment was the relevant determination and not the effect on the verdict (which we need not decide), this argument is not supported by the record, which does not establish the amount of any such offsets.

11

However, this argument fails because Reina was prevented from presenting the jury with medical bills and other evidence to establish the damages from his back injury. Moreover, Klisivitch has not demonstrated that the additional evidence of Reina's back injury would not have affected the jury's finding that Reina was not permanently injured. Had the jury found permanent injury, they may also have awarded non-economic damages. For these reasons, we cannot find that the trial court's error in granting the motion in limine was harmless.

**IV.  A new trial is necessary on damages for both the neck and back injury, but not on liability.**

Reina requests a new trial. Klisivitch asserts that if we grant Reina a new trial, it should be limited to damages for Reina's back injury only. We find that a new trial is required on all damages, but not on liability.

Section 59.35, Florida Statutes (2017), provides:

> An appellate court may, in reversing a judgment of a lower court brought before it for review by appeal, by the order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the record or upon a part of such issues only.

"Thus, remand directions are within the discretion of the appellate court." *R.J. Reynolds Tobacco Co. v. Prentice*, 290 So. 3d 963, 967 (Fla. 1st DCA 2019), *opinion approved of*, 338 So. 3d 831 (Fla. 2022). "But that discretion is not without limits." *Id*. "For example, after granting a new trial on one issue, an appellate court must order retrial of other issues when the issues are 'inextricably intertwined.'" *Id.*; *see*

12

*also Seven Rests., LLC v. Tulecki*, 391 So. 3d 949, 963 (Fla. 4th DCA 2024) ("[A] new trial limited to a single issue is inappropriate when the new trial is necessitated by some error at trial which has prejudiced the jury broadly on all issues, or when the issue is interrelated with another issue or is not separable from another issue." (quoting *Cedars of Lebanon Hosp. Corp. v. Silva*, 476 So. 2d 696, 704 (Fla. 3d DCA 1985) (internal quotations omitted))). "This is so because if the trial court were to retry only one of two such intertwined issues to a second jury, while maintaining the vitality of the first jury's findings on the other issue, it would cause confusion and uncertainty and, thus, an unfair trial." *Prentice*, 290 So. 3d at 967 (quoting *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1255-56 (10th Cir. 1999) (internal quotations omitted)). "Courts have found issues of liability and damages to be inextricably intertwined when a trial on damages alone would require the jury to consider the same evidence as a trial on both liability and damages." *Prentice*, 290 So. 3d at 967 (citing cases). "A new trial may be limited to damages where the issues of liability and damages were not so interrelated as to require a new trial on both." *Tulecki*, 391 So. 3d at 963 (quoting *Steinbauer Assocs., Inc. v. Smith*, 599 So. 2d 746, 749 (Fla. 3d DCA 1992) (internal quotations omitted)).

In this case, the issues of liability and damages were not inextricably intertwined, but the issues of damages for Reina's neck and back injuries were inextricably intertwined. The evidence excluded by the trial court did not pertain to

13

liability, and a new trial on damages alone will not require the jury to consider the same evidence as a trial on both liability and damages. A new trial solely on damages for Reina's back injury, in contrast, would require the jury to consider the same evidence as a trial on damages for both Reina's neck and back injuries. Reina's neck and back injuries were completely intertwined as Reina testified to suffering pain all over his body after the accident, Reina sought testing and treatment for the neck and back injuries at the same time, and his neck surgery and back injection were performed during the same procedure. Additionally, the jury's finding on whether Reina suffered permanent injury will directly affect whether Reina can obtain damages for future loss, and both injuries considered together may affect that permanency finding.

For these reasons, we find that this case should be remanded for a new trial on all damages, but not on liability.

### Conclusion

Based on the foregoing, we reverse the final judgment and remand this case for a new trial on damages only.

REVERSED and REMANDED with instructions.

NARDELLA, J., concurs.
WHITE, J., concurs in part, dissents in part, with opinion.

14

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

WHITE, J., concurring in part, dissenting in part.

I agree with the majority's conclusions that Reina did not dismiss or withdraw his back injury claim, the trial court erred when it allowed the motion in limine to be used to dispose of Reina's back injury claim and exclude evidence regarding that claim, and such error was not harmless. I dissent, however, from the majority's decision to remand for a new trial on damages only.

Reina argues that a remand for a new trial on all issues is required, citing to *Polynice v. Burger King Corp.*, 351 So. 3d 619, 620 (Fla. 3d DCA 2022) and *Lawson v. Swirn*, 258 So. 2d 458, 459 (Fla. 1st DCA 1972). After considering the entire record, I agree. Therefore, I would reverse the final judgment and remand for a new trial on all issues.

_____

Thomas E. Shepard and Alexander Brockmeyer, of Boyle, Leonard & Anderson, P.A., Fort Myers, for Appellant.

DeeAnn J. McLemore, of Banker Lopez Gassler P.A., St. Petersburg, for Appellee.